SHANNON, Judge.
On March 10, 1964, the plaintiff filed a complaint which sought to permanently enjoin the defendants from imitating the plaintiff’s trade name, product and advertising, and also for damages. On May 28, 1964, the plaintiff filed a petition for a temporary restraining order without notice, and that day the lower court issued the same which enjoined the defendants from using the name “Garnetlite” or any other name simulating that of the plaintiff and from interfering in any way with the business of the plaintiff. On June 4, 1964, there was a hearing on the defendants’ motion to dissolve the temporary restraining order and the lower court denied this motion, refusing to permit the defendants to introduce any evidence. The defendants now contend on appeal that the lower court abused its discretion in entering the temporary injunction without notice and erred in not permitting the defendants to introduce evidence at the hearing on the motion to dissolve the temporary injunction. The court did hear legal arguments and a proffer of evidence by the defendant on the motion to dissolve.
On May 27, 1964, the newspaper stated that any changes in the telephone directory for the ensuing year should be reported to the business office of the telephone company on June 5, 1964. The name of the plaintiff was Granulite and the name of the defendants was Garnetlite. It was the plaintiff’s theory that if the defendants’ name appeared in the directory, irreparable damage would follow because of the confusion and loss of plaintiff’s potential customers to the defendants. Apparently it was for this reason that the lower court issued the injunction without notice, requiring a $5,000 security bond of the plaintiff.
 We do not think that the particular facts of this case justified the issuing of the injunction without notice. The phone directory notice was in the morning paper on May 27 and corrections were to be made on June 5, ten days later. In addition, the notice in the paper did not say that June 5 would be the last day for making corrections. While it is obvious that if the defendants’ name was listed it could cause irreparable damage, it is equally cognizable that an injunction prohibiting the defendants’ listing, if the injunction were not justified, could also cause irreparable damage. However, on June 4, one day before the alleged deadline for changes in the phone directory, a hearing was held on the appellants’ motion to dissolve the temporary injunction. At this hearing the appellants presented legal arguments and made a proffer of evidence which they wanted to introduce. After listening to the proffer, the chancellor refused to hear the evidence, stating that there was nothing stated which could change the court’s opinion as to the merits of the injunction. Although it was error for the chancellor to originally issue the injunction without notice, this error was rendered harmless when a hearing was held on the motion to dissolve. The defendants-appellants had notice and were given an opportunity to be heard on the motion to dissolve; therefore, the defect of lack of notice was cured. Cf. Belle’s Department Store, Miami, Inc. v. Scherman, Fla.App. 1960, 117 So.2d 845.
*589 There is a strong presumption in favor of the correctness of the lower court’s ruling where an injunction is granted without notice upon testimony taken personally before the lower court. Curtis Pools, Inc. v. Fulton, Fla.App.1959, 115 So.2d 442, and cases cited therein. The appellants have not made it appear that the chancellor abused his discretion and so the orders appealed from are affirmed.
Affirmed.
SMITH, C. J., and ANDREWS, J., concur.