CHARLES CARROLL, Associate Judge.
The appellee Royal Standard Corporation, the plaintiff below, entered into a contract with the appellants to purchase certain lands from the latter, subject to approval by the county of a proposed subdivision plat and its recordation. The contract provided that the purchaser should obtain the bonds which the sellers needed to furnish to the county incident thereto.
After the bonds were obtained and submitted, and other matters preliminary to approval of the plat were performed, but prior to a hearing for the approval of the plat, the purchaser filed an action against the sellers and Dade County, alleging the sellers had breached the contract by failing to timely close the sale, and that the sellers were continuing to use the bonds, upon which the purchaser was obligated, in seeking approval of the plat. The plaintiff sought return of a certain portion of the purchase price which had been placed in escrow, and sought an injunction to restrain the use of the bonds pending outcome of the action.
The complaint did not contain any allegations or showing of necessity to dispense with notice of application for temporary injunction, as required by Rule 1.610(b) F.R.C.P. If affidavits containing such showing were submitted by the plaintiff, the appendix provided on this appeal does not reveal them. No basis for dispensing with notice was recited in the injunction order.
A temporary injunction was entered without notice, restraining the defendants and Dade County from using the said bonds. Contrary to the requirement of the rule cited above, no provision was made requiring the plaintiff to file an injunction bond.
The defendant sellers moved to dissolve the temporary injunction. The motion to dissolve was denied, and said defendants filed this interlocutory appeal.
The appellants do not challenge the propriety of the injunction, but argue the court erred in not dissolving the injunction when it appeared, they contend, it was issued without notice in the absence of a showing of necessity to proceed without notice, and because an injunction bond was not required, with no showing of financial inability of the plaintiff to file such bond.
Rule 1.610(b) F.R.C.P. is plain as to what is necessary to be shown for issuance of a temporary injunction without notice, and as to the requirements for injunction bond.
The question of absence of basis to dispense with notice on the application for the temporary injunction cannot be reached on an appeal which is not from the injunction order but is from an order denying a motion to dissolve it, for the reason stated in Belk’s Department Store, Miami, Inc. v. Scherman, Fla.App.1960, 117 So.2d 845, 847, and DeCarlucci v. Granulite, Inc., Fla.App. 1965, 171 So.2d 587, 588.
The appellants’ contention as to the omission of direction for the plaintiff to file an injunction bond has merit.
*255 The order denying the motion to dissolve the temporary injunction is affirmed, and the cause is remanded to the circuit court for further proceedings, with direction to enter an order that the continuance of the temporary injunction shall be dependent on the filing by the plaintiff of an injunction bond in such amount as the court shall determine and within the time that the court shall fix therefor.
It is so ordered.