398 So.2d 870 (1981)
Donald S. ZUCKERMAN and R. Mary Zuckerman, Appellants,
v.
PROFESSIONAL WRITERS OF FLORIDA, INC., Appellee.
Nos. 80-874, 80-875 and 80-991.
District Court of Appeal of Florida, Fourth District.
April 29, 1981.
Rehearing Denied June 4, 1981.
*871 Donald S. Zuckerman, Fort Lauderdale, for appellants.
David F. Cooney of Grimmett, Conrad, Scherer & James, P.A., Fort Lauderdale, for appellee.
HERSEY, Judge.
Appellee corporation filed a complaint seeking an accounting of corporate assets and the return to it of certain corporate records. Appellee alleged that the corporate records were in the exclusive possession of appellants, former employees of appellee-corporation, when those records mysteriously disappeared.
The trial court entered a temporary restraining order to prevent destruction of the records and to require their return to appellee. Three prejudgment writs of replevin were issued pertaining to the same records, varying from one another only in insignificant details.
A cost bond was posted by appellee, as a foreign corporation, but no bond was required as a condition of the restraining order or the writs.
By way of execution of the writs certain records in the possession of the appellants *872 were segregated and inventoried but, upon stipulation, were allowed to remain in appellants' possession.
Motions to dissolve the temporary restraining order and the prejudgment writs of replevin were denied, precipitating these interlocutory appeals.
Appellants' brief, in appeal number 80-991 contains the following representation: "In fact the Zuckermans have never had possession of the property as alleged... ." In view of this statement the entire matter would appear to be moot inasmuch as the restraining order and writs pertain only to appellee's records in the possession of appellants and if there are none then this litigation is much ado about nothing.
Be that as it may, we treat appellants' points on appeal so that the matter may be finally disposed of by the trial court.
Appellants first complain of the refusal of the trial court to grant their motion to dissolve the temporary restraining order.
Rule 1.610(b), Florida Rules of Civil Procedure provides that a temporary injunction should be granted only if it is manifest from the allegations of a verified complaint or supporting affidavits that injury will be done if an immediate remedy is not afforded.
Appellee's complaint was not verified, it was simply signed by an attorney. Subsequently the attorney verified the complaint "to the best of knowledge and information." Appellee contends that where a corporation is involved a verification upon information and belief is sufficient. Craftsman Finance & Mortgage Co. v. Brown, 64 F. Supp. 168 (S.D.N.Y. 1945). However, a preliminary injunction should not be granted on a complaint sworn to on information and belief and unaccompanied by proper affidavit. Ruge v. Apalachicola Oyster Canning & Fish Co., 25 Fla. 656, 6 So. 489 (1889). The affidavit in this case does not substantiate the allegations of the complaint. Thus the pleadings were insufficient for issuance of a temporary injunction. However, review of an order denying a motion to dissolve an injunction is based not on the record before the chancellor at the time of the temporary injunction, but on the record as it was at the time the motion to dissolve came on for hearing. City Gas Company of Florida v. Ro-Mont South Green Condominium "R", Inc., 350 So.2d 790 (Fla.3d DCA 1977).
Here, at the hearing on the motion to dissolve the temporary injunction, Mr. Epstein, Vice-President of appellee corporation, gave testimony supporting the factual allegations of the complaint. Specifically, he testified that business and financial records were kept in a locked file cabinet for which only appellant Mary Zuckerman had a key. When Epstein left the office after discharging appellant Donald Zuckerman and accepting Mary Zuckerman's resignation, the records were present and accounted for. However, upon his return the following morning, although the file cabinet was locked, the records were gone. As a result of the disappearance of the records, appellee corporation is said to be experiencing difficulty in continuing its day to day operations.
Just as the granting of a temporary injunction is a matter within the discretion of the trial court, so is the dissolution of such an injunction. See Northwestern National Insurance Co. v. Greenspun, 330 So.2d 561 (Fla.3d DCA 1976) and City Gas Company, supra. The granting of a temporary injunction will be reversed upon an interlocutory appeal only when it has no basis in the pleadings and evidence before the trial court or is illegal in nature. Northwestern National Insurance Co. v. Greenspun, supra. Logically, this principle applies to denial of a motion to dissolve a temporary injunction.
The allegations of the complaint and supporting evidence form a basis for the temporary injunction. The complaint and testimony establish, for present purposes, that the removal of the files and records impeded the day to day operation of the business bringing about irreparable harm for which there is no adequate remedy at law. Further, there is no suggestion that the injunction is illegal in nature.
*873 As to the issue of bond, the bond that was posted by appellee subsequent to issuance of the injunction was merely a non-resident costs bond as required by Section 57.011, Florida Statutes (1979). The trial court is therefore instructed to require a bond pursuant to Rule 1.610. See McGovern v. Amira, 328 So.2d 862 (Fla. 4th DCA 1976).
Appellants next contend that the trial court erred in issuing the original prejudgment writ of replevin.
Section 78.068(1), Florida Statutes (1979) provides that a prejudgment writ of replevin may be issued when the nature of the claim and the grounds relied upon for issuance of the writ clearly appear from specific facts shown by verified petition or separate affidavit of petitioner. The complaint here was verified by appellee's attorney only "to the best of [his] knowledge and information." Further, the supporting affidavit did not set forth specific facts or substantiate the allegations of the complaint. Appellants argue that this is insufficient verification. However, review of an order denying a motion to dissolve a prejudgment writ of replevin should be based not on the record before the court at the time the writ was issued, but on the record at the time the motion to dissolve came on for hearing. See City Gas Company of Florida v. Ro-Mont South Green Condominium "R", Inc., supra.
At the hearing on the motion to dissolve the prejudgment writ, Mr. Epstein, Vice-President of appellee corporation, gave testimony, summarized earlier in this opinion, supporting the factual allegations of the complaint. Therefore the question is whether the specific facts alleged by the complaint and substantiated by the testimony formed a sufficient basis for a prejudgment writ. Although circumstantial, the factual allegations and evidence create a strong inference that appellants have possession or control of the property at issue. Further, a statement alleged to have been made by Donald Zuckerman that he was going to make things "very messy" for appellee corporation supports a finding that the files and records are in danger of destruction, concealment, waste, or removal. We think there was a sufficient basis in the record to support issuance of the writ.
Appellants also claim that the circuit court did not have jurisdiction over the matter pursuant to Section 78.03, Florida Statutes (1979). That section provides that a replevin action shall be brought in the court which has jurisdiction of the value of the property sought to be replevied. No value of property is stated in the complaint; however, since the circuit court has exclusive jurisdiction over the count for injunctive relief, it has jurisdiction over the other causes of action stated in the complaint. Section 26.012, Florida Statutes (1979); see Milhet Caterers, Inc. v. North Western Meat, Inc., 185 So.2d 196 (Fla.3d DCA 1966).
It is further contended by appellants that the trial court erred in denying the motion to dissolve the writ.
Section 78.068(6), Florida Statutes (1979) provides that a defendant, by contradictory motion, may obtain the dissolution of a prejudgment writ of replevin unless the petitioner proves the grounds upon which the writ was issued.
Although the testimony does not establish that the records had been seen in appellants' possession, the circumstantial evidence raises a strong inference that appellants removed the files and records from appellee's office. Mrs. Zuckerman had the only key to the filing cabinet where the records were kept. On the morning following Donald Zuckerman's discharge, the filing cabinet was locked but, when forced open, was found to be empty. Therefore someone unlocked the cabinet, removed the files and locked the cabinet again. The obvious conclusion from this evidence was that the Zuckermans were responsible for removal of the records and therefore had possession or control of them.
The question of possession was a factual determination for the trial court to make. That determination in this case is supported by the evidence. Therefore, it will not be disturbed on appeal.
*874 Appellants also claim that the additional prejudgment writs were issued by the clerk and not upon the signed order of a judge as required by Section 78.068(5), Florida Statutes (1979). Appellee maintains that the subsequent writ was issued pursuant to the same court order as the previous writ. That order provided that "a writ of replevin shall issue directing the return of the files and records of Professional Writers of Florida, Inc.
The parties and case number of the writs are the same as the parties and case number contained on the order authorizing a writ of replevin. The only differences between the writs are the particular defendants and the addresses specified for service. Since the property sought to be replevied was the same as the property described in the original order all of the writs are authorized by that order.
Contrary to appellants' contention, the complaint alleges wrongful detention of the property by appellants. It further alleges facts indicating the means by which appellants came into possession of the records. This is sufficient to withstand a motion to dissolve.
As to bond, Section 78.068(3), Florida Statutes (1979) requires a bond be posted by the petitioner in an amount equal to twice the value of the goods subject to the writ. Although appellee filed a non-resident costs bond it did not file a replevin bond. Since there was one order authorizing the writs and the property sought to be replevied was the same, one bond should be required in an amount determined by the trial court to represent twice the value of the property in question. If, as the record appears to indicate, appellants retain possession of the property, then bond shall be required of appellants as provided by Section 78.068(4), Florida Statutes (1979) unless the parties subsequently stipulate that neither party shall be required to post bond in connection with the replevin aspect of this litigation.
We affirm the orders from which these appeals were taken. The trial court shall establish the amount and require a bond as a condition of continuance of the temporary restraining order. Unless waived by the parties, bond shall be required of both parties to support continuance of the writs of replevin and to support continuance of possession in appellants. The cause is remanded for further proceedings.
AFFIRMED AND REMANDED.
DOWNEY and HURLEY, JJ., concur.