WIGGINTON, Judge.
Before us is an interlocutory appeal[1] from an order denying motions to dissolve a temporary injunction granted without notice. By prior unpublished orders, we dissolved the temporary injunction and receivership insofar as appellants are concerned, without prejudice to the State to seek a temporary restraining order with notice and an opportunity for appellants to be heard. As indicated, we now issue this opinion to explain our reasoning in taking such action. On the two issues raised in this appeal, we affirm in part and reverse in part.
Appellee, State of Florida, by and through Gerald Lewis as Comptroller and *712 head of the Department of Banking and Finance, conducted a lengthy investigation of appellants’ activities under chapter 517, Florida Statutes, the “Florida Securities and Investor Protection Act,” and chapter 494, Florida Statutes, the “Mortgage Brokerage Act,” and on February 4,1987, filed a complaint in the circuit court for a temporary and permanent injunction, appointment of a receiver, and an order of restitution. The complaint was verified under oath and was supported by a number of sworn affidavits, and alleged, inter alia, that appellants, and certain other named individuals and corporations not parties to this appeal, were acting as unregistered securities dealers engaging in the offer and sale of unregistered securities by means of misrepresentations and fraudulent practices, and were engaging in fraudulent schemes relating to mortgage transactions. Moreover, in paragraph 49 of the complaint, appellee alleged that affording appellants’ notice and an opportunity to be heard in opposition to their application
... would likely result in the continuation and acceleration of unlawful and fraudulent acts and practices, and acceleration of the loss of substantial amounts of unsecured moneys acquired by the Defendants in violation of Florida law and hasten the destruction, alteration or concealment of the books, records and accounts of the Defendants.
Additionally, paragraphs 50-52 allege the following in support of injunctive relief without notice:
50. Bank records obtained by the Department pursuant to subpoena show insufficient funds in the Defendants’ accounts to accomplish any of the purported investment goals or to effect a full rescission. The affidavit of Rita Poff pertaining to those records is attached hereto and incorporated herein by reference as Exhibit 10.
51. Through bank records and investigative interviews, the Department has discovered that within the past several months, the Defendants have been taking and wasting ever-increasing amounts of investor funds.
52.The objective financial evidence establishes that if the Defendants’ assets are not forthwith frozen and a receiver appointed to administer whatever assets have not yet been wasted, the investors in Defendants’ securities scheme may recover nothing, and the public trust and confidence of the people of the State of Florida will be seriously undermined.
Accordingly, on February 5, 1987, the trial court issued a temporary injunction and appointed a receiver without notice. Appellants subsequently filed motions to dissolve the injunction, which motions were ultimately heard on May 12, 1987. On that date, approximately one and one-half hours before the hearing, appellee’s attorney filed a certificate concerning notice.[2] The sole issue before the trial court at the hearing concerned the propriety of the court’s issuing the injunction without notice to appellants. The motions to dissolve were denied.[3]
Two issues are now raised by appellants in this appeal. We may dispense with the second issue by holding that based on the record and the parties’ representations made during the oral argument of this cause, appellants waived their right to a hearing within five days as provided by rule 1.610(d), Florida Rules of Civil Procedure. Accordingly, we affirm point two.
However, we find appellants’ arguments under point one meritorious and reverse the trial court’s order denying áppellants’ motions to dissolve. Under point one, appellants argue that the trial court erred in granting appellee’s application for a temporary injunction without notice and hearing based on the allegations of its verified complaint and accompanying affidavits. The thrust of their argument is that neither the allegations in the complaint nor the statements in the accompanying affidavits show that immediate and irreparable injury, loss *713 or damage would result to appellee before appellants could be heard in opposition, as required by rule 1.610(a)(1)(A) and case law. Incidentally, they argue that the complaint was defective insofar as appellee’s attorney failed to certify contemporaneously with the filing of the complaint any efforts that were made to give notice and the reasons why notice should not be given as required by rule 1.610(a)(1)(B) and (C).
In response, appellee preliminarily argues that appellants may not raise the notice issue in an appeal from the denial of a motion to dissolve a temporary injunction, relying on Belk’s Department Store, Miami, Inc. v. Scherman, 117 So.2d 845 (Fla. 3d DCA 1960) and Babuschkin v. Royal Standard Corporation, 305 So.2d 253 (Fla. 3d DCA 1974). In regard to the merits of the appeal, appellee refers this Court to the maxim that the dissolution of a temporary injunction is a matter lying within the discretion of the trial court, citing City Gas Company of Florida v. Ro-Mont South Green Condominium “R”, Inc., 350 So.2d 790 (Fla. 3d DCA 1977). Appellee also maintains that its complaint is “replete” with specific facts showing how and why the giving of notice to appellants would likely have accelerated or precipitated the destruction and concealment of records, and the dissipation of assets. It argues that the instances of illegal, dishonest and fraudulent activity are verified by the affidavits of financial specialists and department area financial managers who personally reviewed appellants’ bank records and interviewed investors, maintaining that those affidavits attest to appellants’ systematic, ongoing course of fraud as referenced in the complaint. Finally, appellee urges us to examine the entire complaint to determine whether it is entirely wanting in equity, referring us to the opinions in Dixie Music Co. v. Pike, 135 Fla. 671, 185 So. 441 (1938), and Godwin v. Phifer, 51 Fla. 441, 41 So. 597 (1906).
In regard to the certification issue, appel-lee maintains that the rule merely requires that counsel certify “any efforts” made to give notice and does not require that counsel actually make such efforts in circumstances where notice would result in harm. Moreover, appellee points to the fact that its attorney nevertheless did file written certificates similar to that required by the rule shortly before the hearing on the motion to dissolve and proposes that the filing of the certificate after the filing of the complaint should not constitute a basis for granting appellants’ motion to dissolve, since both lower and reviewing courts are required to consider a motion to dissolve based not on the record before the lower court at the time it issued the injunction, but on the record as it existed at the time of the hearing on the motion to dissolve. Zuckerman v. Professional Writers of Florida, Inc., 398 So.2d 870 (Fla. 4th DCA), rev. denied, 411 So.2d 385 (Fla.1981).
With the foregoing in mind, we turn first to appellee’s argument that appellants are precluded from appealing the notice issue from an order denying their motion to dissolve. Facially, the opinions in Belk’s Department Store, Miami, Inc. v. Scherman and Babuschkin v. Royal Standard Corporation would appear to stand for that proposition. However, neither opinion, nor the opinion in De Carlucci v. Granulite, Incorporated, 171 So.2d 587 (Fla. 2d DCA 1965), which relied on Belk’s, are sufficiently clear factually so as to allow this Court to compare them to the instant case. One may speculate, based on the short statement of facts in the Belk’s opinion, that the motion to dissolve and the hearing thereon were predicated solely on the issue of lack of notice, as no evidence was taken at the hearing on the motion to dissolve and the court considered only the pleadings and statements by the attorneys and the receiver. However, that no evidence was received does not necessarily mean that the motion was not also addressed to the sufficiency of the sworn facts in the complaint and affidavits to support the entry of an injunction. Rather, the court’s discussion of the issues on appeal suggests that the motion challenged both lack of notice and the merits of issuing the injunction. The court specifically held that
... [t]he contention that there was no sufficient showing to dispense with no *714 tice and that the entry of the order for injunction and appointing a receiver without notice and prior hearing was error, is a contention that is not available on this appeal, which is from the order denying the motion to dissolve,
and based this holding on the rule in several cited cases that
... appearing and moving to dissolve an injunction or vacate the appointment of a receiver on grounds going to the propriety and merits of the granting of the injunction or appointment of the receiver, and not challenging lack of notice alone, operates to waive and cure the defect of want of notice [emphasis added].
117 So.2d at 847. The court then proceeded to discuss additional objections raised by the motion to dissolve including 1) whether the court abused its discretion in issuing the injunction (certainly this goes to the merits of the issue), 2) the sufficiency of the bond required of the moving party, and 3) the scope and breadth of the terms of the injunctive order, and granted appellant relief on the latter two points.
Therefore, we discern the applicable rule to be that where the motion to dissolve attacks only the lack of notice and does not attempt to reach the merits of the injunc-tive order, the notice issue may be reviewed on appeal from an order denying the motion. This rule is consistent with the time-honored principle of appellate review that ordinarily an appellate court will not review objections to a ruling below if the appellant has not first presented those grounds to the trial court. Straight v. State, 397 So.2d 903 (Fla-1981); Snead Construction Corp. v. Langerman, 369 So.2d 591 (Fla. 1st DCA 1978). To compel an enjoined defendant to perfect an appeal directly from the issuance of the injunction without allowing him first to apply to the court issuing the order clearly violates that essential principle of appellate review. Most assuredly, due process considerations would require that a party be accorded the right to appellate review of whether, on the record before the trial court, failure to give prior notice of the application for injunction was in compliance with applicable law. Nothing in rule 1.610(a) and (d) requires that only one motion to dissolve may be filed, or that all grounds for dissolution must be stated in a single motion. Indeed, an enjoined party may wish to challenge immediately the lack of notice while preparing and gathering evidence to support a more detailed motion to dissolve on the merits at an evidentiary hearing.
Nothing in the cases relying on Belk’s requires any different conception of the rule. De Carlucci v. Granulite, Incorporated involved an appeal from a trial court’s denial of a motion to dissolve a temporary restraining order issued without notice. At the hearing, the court refused to permit the movants to introduce evidence, but it did hear legal arguments and a proffer of evidence, concluding that there was nothing stated which could change its opinion as to the merits of the injunction. In affirming, the appellate court held that although the trial court erred in originally issuing the injunction without notice, the error was rendered harmless and the defect “cured” by virtue of the fact that notice and an opportunity to be heard were afforded on the motion to dissolve. Belk’s was cited as the sole authority, as there was apparently more than a mere challenge to the lack of notice alone.
Finally, fourteen years following its opinion in Belk’s, the Third District delivered its opinion in Babuschkin v. Royal Standard Corporation, wherein it cited to “the reason” stated in Belk’s and De Carlucci for the proposition that “[t]he question of absence of basis to dispense with notice on the application for the temporary injunction cannot be reached on an appeal which is not from the injunction order but is from an order denying a motion to dissolve it_” 305 So.2d at 254. While the result of the case is correct, because the appellant challenged not only lack of notice but also the omission of a bond — an issue that necessarily requires some consideration of the alleged merits — the court slipped into a misstatement of the rule when it suggested that lack of notice can be raised only by appeal directly from the injunctive order.
*715 Without attempting further to reconcile the decisions in Belk’s, De Carlucci, and Babuschkin, we hold that, under the facts of this case, where the challenge on the motion was to the lack of notice alone, an appeal may be taken from the order denying the motion to dissolve the injunction. Rule 1.610(d) does not contemplate any middle ground but provides for a party against whom a temporary injunction has been granted to move to dissolve it at any time. In turn, although it does authorize an appeal from a non-final order granting an injunction, rule 9.130(a)(3)(B), Florida Rules of Appellate Procedure, also authorizes review of non-final orders which, inter alia, “refuse to ... dissolve injunctions.”
Turning now to the merits of appellants’ point one, we conclude that the verified complaint and the accompanying affidavits did not state facts showing how and why the giving of notice would accelerate or precipitate the alleged injury, or that the time required to give notice of a hearing would actually permit the threatened injury to occur. See Dixie Music Company, Inc. v. Pike; Lieberman v. Marshall, 236 So.2d 120 (Fla.1970); and also National Dairy Products Corporation v. State ex rel. Warren, 189 So.2d 811 (Fla. 1st DCA 1966); Gustafson’s Dairy, Inc. v. State ex rel. Warren, 189 So.2d 814 (Fla. 1st DCA 1966). The crux of appellee’s complaint and its argument on appeal is that if notice had been given appellants prior to the granting of the injunction, appellants would have destroyed or absconded with funds or records, making it impossible to grant relief. However, the rule is that an injunction may be granted without notice “on only those rare occasions when the court is presented a sworn statement of facts, showing not only a strong probability of guilt of the act complained of, but also strong, concrete evidence that irreparable damage will be sustained if notice is giv-en_” [Emphasis added.] National Dairy Products Corporation, 189 So.2d at 813. Thus, the averments in the affidavits as to the things that are threatened to be done if notice is given cannot be considered when predicated solely on the belief of the affiant, Dixie Music Co., Inc., 185 So. at 447, and an affidavit to or an allegation of the bill asserting simply the legal conclusion that “notice to the defendant of the application for injunction will accelerate the injury apprehended” is not a sufficient excuse and furnishes no reason for dispensing with notice. Godwin v. Phifer, 51 Fla. 441, 41 So. 597 (1906).
In the instant case, paragraph 49 of the complaint alleges only that notice “would likely result” in acceleration of unlawful, fraudulent acts. Similarly, the averments in paragraphs 50-52 are not direct and positive and fail to satisfy the rule. The allegation in paragraph 52 states only that the investors “may recover nothing.” [Emphasis added.]
Further, the affidavit of Ben H. Prid-geon, Jr., a financial specialist for the Department of Banking and Finance, states that “it appears” that investor funds have been misappropriated by Mr. Beeler. Moreover, with the exception of the affidavit of Phyllis Kline, none of the affidavits of the investors attest to the fact that Mr. Beeler has failed to repay any of the principal of their investments by the date due. As far as Ms. Kline’s affidavit is concerned, it shows only that when she requested that her principal be returned, Mr. Beeler stated that he had assumed she wished to “roll over” her investment for another one-year period. She went on to state that she advised him that she did not wish to roll over the investment, at which time he stated he would be able to repay the principal by October 5, 1986, and a second investment by December 1, 1986. Her affidavit was sworn to on October 15, 1986, but does not say that she was never repaid the full amount. Finally, the record shows that the investigation of appellants was commenced by Mr. Pridgeon on June 19, 1986, and that Mr. Beeler was aware of the investigation at least as early as August 12, 1986, when Mr. Pridgeon began to conduct personal interviews with him. The complaint also alleges that Mr. Beeler has been conducting his business in the same fashion for at least the past five years. On that basis, we fail to see how a reasonably *716 short delay in giving appellants notice would have actually permitted the threatened injury to occur or, in the words of rule 1.610, would have resulted in “immediate and irreparable injury, loss or damage....” Cf National Dairy Products Corporation; and Gustafson’s Dairy, Inc.
Accordingly, we hold that the trial court erred in denying the motion to dissolve the temporary injunction insofar as appellee failed to satisfy the requirement of rule 1.610(a)(1)(A) by failing to show specific facts by affidavit or verified complaint that immediate and irreparable injury, loss or damage would have resulted to it before appellants could be heard in opposition.
We also hold that appellee failed to satisfy the rule insofar as its attorney failed to certify any efforts made to give notice to appellants at the time appellee moved for the temporary injunction. See Fla.R.Civ.P. 1.610(a)(1)(B) & (C). We agree with appellee that in the event the movant believes that notice should not be required, the movant’s attorney should certify only the reasons why notice should not be given and should not be required additionally to certify any efforts that had been made to give notice.[4] However, a certificate must be filed in every case, and in cases where notice was deliberately not given, it would be the preferred practice to set forth both the reasons for not giving prior notice and the facts known to the movant and its counsel regarding the other party’s location and availability for service and hearing on short notice.[5]
However, we disagree with appellee that its attorney’s certificate filed one and one-half hours prior to the hearing on the motion to dissolve cures the error in the instant case. Appellee relies on the opinion in Zuckerman v. Professional Writers of Florida, Inc., 398 So.2d 870 (Fla. 4th DCA 1981), but it is clear in Zuckerman that at the hearing therein on the motion to dissolve the temporary injunction evidence and argument were presented going to the merits of the injunction. Moreover, as authority for its holding that “review of an order denying a motion to dissolve an injunction is based ... on the record as it was at the time the motion to dissolve came on for hearing,” the court cited to City Gas Company of Florida v. Ro-Mont South Green Condominium “R”, Inc., 350 So.2d 790 (Fla. 3d DCA 1977), which in turn relied on Belk’s Department Store, Miami, Inc. v. Scherman and De Carlucci v. Granulite, Incorporated. Further, as we noted in regard to the Belk’s opinion, City Gas Company of Florida does not contain a detailed statement of procedural fact. Again, since in the instant case the challenge on the motion to dissolve was made solely to the granting of the injunction without notice, and consistent with our position taken in that regard, the rule in Zuckerman does not apply and the order granting the temporary injunction was deficient in light of the omission of the filing of an attorney’s certificate contemporaneously with the motion.
In conclusion, we hold that the temporary restraining order and appointment of *717 receiver without notice was obtained in violation of rule 1.610(a)(1), and the trial court erred in denying appellants’ motions to dissolve the temporary injunction and receivership established in the court’s orders of February 5, 1987, and February 13, 1987. We therefore reverse the trial court’s denial of appellants’ motions in accordance with this Court’s previous orders.
JOANOS and ZEHMER, JJ., concur.

. FIa.R.App.P. 9.130(a)(3)(B).

. Fla.RXiv.P. 1.610(a)(1)(B) & (C).

. Appellee represents that the order denying Beeler’s individual motion to dissolve was not appealed. However, it is apparent from the notice of appeal filed in this Court that Beeler indeed has appealed the denial of his motion.

. In so holding, we note that rule 1.610(a)(1)(B) states only that the movant’s attorney certify in writing "any" effort made to give notice. If that phrase were to mean that efforts must first be made to give notice before the movant could certify reasons why notice should not be required, it would obviate any possibility of obtaining a temporary injunction without notice, unless the party against whom the injunction were to issue could not be found. We cannot accord such a frustrating interpretation to the rule.
Although the court in Torok v. Blue Skies Mobile Home Owners Association, Inc., 467 So.2d 474 (Fla. 5th DCA 1985), quashed an order granting a temporary injunction without notice in part because the attorney "failed to certify that efforts had been made to give notice ...," id. at 475, a holding which could suggest that the court believes efforts must be made to give notice despite a movant's belief that notice should not be required, we note that the opinion does not indicate whether the movant therein intended to seek a temporary injunction without notice. Nonetheless, if the opinion is correctly read to require that efforts first be made to give notice before a movant may certify the reasons why notice should not be given, we respectfully disagree with such an interpretation of the rule.

. Such information is necessary as there may be times when the trial court will decline to proceed without notice but will deem notice to appear instanter sufficient to accord the defendant due process.