531 So.2d 201 (1988)
Donald SOFFER, Aventura Country Club, Eberhart Linke, Robert James, Roger Odum and Darlene Marten, Appellants,
v.
Richard LEOPOLD, Appellee.
No. 88-1720.
District Court of Appeal of Florida, Third District.
August 30, 1988.
Young, Stern & Tannenbaum and Glen Rafkin and Jeremy Koss, North Miami Beach, for appellants.
Terri-Ann Miller, Miami, for appellee.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
We reverse the temporary injunction entered against the defendants-appellants without written or oral notice to them. The injunction entered is in derogation of Florida Rule of Civil Procedure 1.610 in that (1) Leopold's pleadings seeking injunctive relief were not properly verified, did not set forth "specific facts" showing that "immediate and irreparable injury" would occur if the injunction were not granted, and failed to contain his attorney's certification *202 in writing setting forth any efforts to give notice or explaining why notice should not have been required,[1]see Fla.R. Civ.P. 1.610(a); Beeler v. State, 513 So.2d 710 (Fla. 1st DCA 1987); (2) the injunctive order itself failed to "state findings ... why the injury may be irreparable" or "give the reason why the order was granted without notice," both of which are expressly required by Florida Rule of Civil Procedure 1.610(a)(2), see Wasserman v. Gulf Health, Inc., 512 So.2d 234 (Fla. 2d DCA 1987); (3) the injunction does not, as required by Florida Rule of Civil Procedure 1.610(c) "describe in reasonable detail the act or acts restrained without reference to a pleading or other document,"[2]see DeRitis v. AHZ Corp., 444 So.2d 93 (Fla. 4th DCA 1984). We pretermit discussion of the appellants' further points on appeal because we believe that they should be first addressed by the trial court upon a hearing with appropriate notice to the appellants; this omission is not to be taken as an approval of any part of the injunctive order under review.
Reversed and remanded.
NOTES
[1] The 34-page complaint contains 166 counts relating primarily to Leopold's desire to be a member of the Turnberry Isle Yacht & Racquet Club. Only Count 166 sought equitable relief. It alleged:

"COUNT CLXVI
"191. This is an action for injunctive relief without notice pursuant to Rule 1.610 of the Florida Rules of Civil Procedure.
"192. The Plaintiff is entitled to relief against the Defendant COUNTRY CLUB, NORTH TOWER, SOUTH TOWER, their employees and ROBERT JAMES without written or oral notice based upon the following facts.
"(a) The Plaintiff adopts and incorporates herein each and every allegation contained in Paragraph 187 of COUNT CLXV of the Complaint with the same force and effect as if herein fully set forth.
"(b) No efforts have been made by this attorney to give notice.
"(c) The reasons why notice should not be required are that Plaintiff reasonably fears that illegal acts against his person will be taken to prevent his return to his unit in the South Tower if notice of his intention to return and this seeking of a restraining order is first given."
[2] The temporary injunction provides in its entirety:

"THIS CAUSE came on for hearing without notice by the Plaintiff, RICHARD LEOPOLD, to the Defendants for relief upon Plaintiff's verified complaint for a temporary injunction and the Court having considered this motion and it appearing that the Plaintiff is entitled to the temporary relief demanded, without notice, and that the harm apprehended will be done unless relief is granted, it is
"ORDERED AND ADJUDGED that AVENTURA COUNTRY CLUB, TURNBERRY ISLE CONDOMINIUM ASSOCIATION, TURNBERRY ISLE SOUTH CONDOMINIUM ASSOCIATION, any and all of their employees and ROBERT JAMES, are enjoined and restrained from coming about, molesting, harming, or annoying the Plaintiff RICHARD LEOPOLD, at the complex known as the Turnberry Isle Yacht & Racquet Club and/or wherever else he may be found.
"IT IS FURTHER ORDERED AND ADJUDGED that:
"1. The Court finds that the allegations of the complaint with regard to the Count requesting injunctive relief without notice has been properly alleged.
"2. This injunction was issued without notice in order to prevent the irreparable injury to the Plaintiff which might result if the Defendants were first given notice of the Plaintiff's intent to seek same.
"3. That the Sheriff of Dade County is directed to enforce the terms of this Order regarding the Defendants being restrained from coming about, molesting, harming, or annoying the Plaintiff wherever he may be found at the complex known as the Turnberry Isle Yacht & Racquet Club; and should violation occur in the presence of that officer, he or she is directed to take the offending Defendant into custody and bring he or she before the Court forthwith.
"4. That this temporary injunction shall remain in effect until further Order of this Court.
"5. That the Plaintiff shall be required to post a bond in the amount of $100.00.
"DATED THIS 23 day of June, 1988, at the hour of 11:00 A.M."