530 So.2d 932 (1988)
STATE of Florida, Petitioner,
v.
Byron D. BEELER, et al., Respondents.
No. 71516.
Supreme Court of Florida.
September 22, 1988.
Rehearing Denied December 5, 1988.
*933 Charles L. Stutts, General Counsel, William G. Reeves, Chief Trial Counsel and Sharon L. Barnett, Asst. General Counsel, Tampa, for petitioner.
Joseph C. Rubel, Orlando, for respondents.
Robert A. Butterworth, Atty. Gen. and Julie S. Thornton, Asst. Atty. Gen., Miami, amicus curiae for Dept. of Legal Affairs, State of Fla.
McDONALD, Justice.
The decision of the district court in this case, Beeler v. State, 513 So.2d 710 (Fla. 1st DCA 1987), directly and expressly conflicts with Babuschkin v. Royal Standard Corp., 305 So.2d 253 (Fla. 3d DCA 1974). We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and we quash Beeler.
The state comptroller investigated Beeler under chapter 517, Florida Statutes (1987), the Florida Securities and Investor Protection Act, and chapter 494, Florida Statutes (1987), the Mortgage Brokerage Act. Following the investigation, the comptroller filed a complaint charging Beeler with fraudulent practices and asking for a temporary and permanent injunction, appointment of a receiver, and an order of restitution. Citing concern for the preservation of records and unsecured assets, the complaint also asked that the case be heard without first giving Beeler notice.
The trial court issued a temporary injunction and appointed a receiver without notice. Several months later Beeler filed motions to dissolve the injunction. After a hearing on the propriety of issuing the injunction without notice, the trial court refused to dissolve the injunction. Beeler then took an interlocutory appeal from the trial court's ruling. The district court held that an appeal could be taken from an order denying motions to dissolve the injunction and that the state had not demonstrated immediate and irreparable injury, loss, or damage sufficient to preclude giving notice.
A temporary injunction without notice is an extraordinary remedy and should be granted sparingly. See Lieberman v. Marshall, 236 So.2d 120 (Fla. 1970); Godwin v. Phifer, 51 Fla. 441, 41 So. 597 (1906). The allegations verified by the presenter *934 must be strong and clear, and the trial judge should raise in his or her own mind all possible responses a defendant could raise if present. Because the incursion upon precious due process rights is facilitated by issuance of ex parte orders, trial courts should issue them only where an immediate threat of irreparable injury "which forecloses opportunity to give reasonable notice" exists. Lieberman, 236 So.2d at 125. In such circumstances the trial court must balance the harm sought to be prevented against the rights of notice and hearing.
After a trial court issues a temporary injunction, a defendant has two options. He may question the lack of prior notice by immediately appealing the injunctive order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B), or he may file a motion to dissolve with the trial court. With the latter option notice becomes irrelevant because the defendant is present, and the burden would be on the plaintiff to show that the complaint and supporting affidavits are sufficient to support the injunction.
Beeler did not appeal the injunction. Instead, he elected to have the issue of prior notice reviewed by the trial court on motions to dissolve. Once the opposing party has received the benefit of notice and an opportunity to be heard at a hearing on the motion to dissolve, any issue regarding prior notice is moot. Babuschkin v. Royal Standard Corp., 305 So.2d 253 (Fla. 3d DCA 1974); Belk's Department Store, Miami, Inc. v. Scherman, 117 So.2d 845 (Fla. 3d DCA 1960). Therefore, the party against whom a temporary injunction without notice is issued may not attack the lack of notice by appealing the order denying the motion to dissolve. The district court should not have heard Beeler's appeal on the notice issue.
Although our conclusion resolves the matter presently before this Court, we feel compelled to mention the sufficiency of the allegations in the complaint. The state's complaint is replete with averments of fraud and misrepresentations against Beeler, including the creation of bogus mortgage paper, concealing funds, and inflating property values. Sworn affidavits reveal that Beeler had to continuously seek out new investors to avoid the collapse of his scheme. In light of the evidence of an ongoing course of fraud and deception the trial court did not abuse its discretion when it issued the temporary injunction. See Watson v. Cochrane, 150 Fla. 733, 8 So.2d 664 (1942).
The legislature enacted chapters 517 and 494 to protect the public from fraud and deceit in the investment in securities. The laws are especially concerned with inexperienced investors who may be duped by unscrupulous brokers. Because of the statutes' public importance, the state should not be unduly restricted in its attempt to enforce them. In this case the district court placed too heavy a burden on the state by apparently requiring absolute proof that Beeler would violate the law during the notice period before allowing an ex parte injunction.
We quash Beeler and direct the district court to affirm the trial court's orders.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.