WARNER, Judge.
This is a timely appeal from a non-final order denying a motion to dissolve a temporary injunction issued by the trial court. We affirm.
In 1969, Village by the Sea, Inc., the developer of the condominium involved in this appeal, created the condominium now known as Village by the Sea Apartments, Inc., the defendant herein. The Declaration of Condominium impressed an easement for ingress, egress, and utilities over a strip of land which separated the condominium property from State Road A1A (hereinafter referred to as the seventeen-foot strip). This strip was paved by the Developer and has been used by the residents of the condominium for access to State Road A1A since 1969.
In 1983, the Developer filed for bankruptcy. During the bankruptcy proceeding, a final order was entered releasing and exonerating certain of the Developer’s lands from any and all burdens imposed by the Declaration of Condominium, except for an imposition of an easement for ingress and egress over certain parcels of land, the legal description of which did not include the seventeen-foot strip, although the residents of the condominium continued to use the roadway as access to A1A.
In 1987, Avery became the owner of the lands adjacent to the condominium, including the seventeen-foot strip. In December of 1987, Avery filed suit seeking a declaratory decree that the seventeen-foot strip was not subject to an easement in favor of the defendant condominium and that Avery could preclude residents of the Association from traveling over its property to State Road A1A. The Association filed a counterclaim seeking, in part, a declaratory judgment of its residents’ right to traverse the seventeen-foot strip.
On January 29, 1988, Avery erected a barricade at the entrance to State Road A1A from the condominium thus preventing the residents of the condominium from using the seventeen-foot strip or gaining access to State Road A1A. The Association immediately filed a motion for emergency temporary injunction and secured a hearing the same day. Avery was given notice;. his counsel appeared by telephone at the hearing.
At the close of the evidence the judge granted the temporary injunction, finding that there was an ambiguity in the bankruptcy order but that the clear intent was to give the residents an easement of ingress and egress to A1A, that any omission of the legal description of the seventeen-foot strip in the order was a scrivener’s error, and that there was a substantial likelihood of the Association prevailing at final hearing on the existence of an easement to use the seventeen-foot strip.
The next week, on February 2, 1988, Avery filed a motion for reconsideration and to vacate temporary injunction. In that motion, Avery raised the issue of insufficient notice and also raised and requested reconsideration of the finding that there was an express easement based upon the ambiguity of the final order of the bankruptcy court. The trial court denied the motion for reconsideration and ordered *618 a trial on the merits on April 18th. Because of the necessity of bringing other parties to the suit, the April trial date was postponed.
On June 24,1988, Avery filéd a motion to dissolve the temporary injunction alleging as grounds therefor that subsequent to the hearing on the motion for temporary injunction, the Association filed a motion to reopen the bankruptcy case and for relief from the final order; that the bankruptcy court entered an order denying the motion; and that since the bankruptcy court refused to modify the legal description by reopening the bankruptcy case, the trial court’s finding that there was a clear likelihood that the Association would succeed on the merits in establishing an express easement was now in error, and the temporary injunction should be dissolved.
A hearing on the motion to dissolve was held on July 7, 1988. Avery’s counsel proffered portions of the transcript of the hearing in the bankruptcy court and also proffered the substance of the testimony of the President for Avery that he bought the property based upon the legal description in the Broward County records which did not include the seventeen-foot roadway and that Avery was a bona fide purchaser for value. After the proffer, the trial court denied the motion to dissolve from which order this appeal was taken.
The trial court’s ruling on a motion to dissolve a temporary injunction will be reversed upon an interlocutory appeal only when it has no basis in the pleadings and evidence before the trial court or is illegal in nature. Zuckerman v. Professional Writers of Florida, 398 So.2d 870 (Fla. 4th DCA 1981). Here, there is a basis in the record before the court on which the court exercised its discretion.
Avery claims that because the bankruptcy judge refused to reopen the bankruptcy case to correct the legal description, it could not be modified and therefore could not support the Association’s clear legal right to the temporary injunction on the basis of an express easement. However, the fact that the bankruptcy judge refused to reopen the proceedings does not preclude relief. In Jones v. Anderson-Tully Co., 722 F.2d 211 (5th Cir.1984) one party sought relief from a judgment entered several years earlier which it claimed contained an erroneous legal description. Although the appellate court held that the motion for relief was not timely made,[1] the court noted that there was no bar to a separate action for equitable relief in favor of parties free from fault or negligence in the preparation of the order in question.
Thus, in the instant case, even though the bankruptcy judge refused to reopen the case to correct the legal description,, the mistake was still capable of being rectified in subsequent proceedings. The trial court’s order granting the temporary injunction found that there was a clear legal right to such relief, and he found that a trier of fact would find that an express easement was intended to be granted in the bankruptcy order to include the disputed strip. Thus, there was a factual basis for his order.
Avery also complains that it was not afforded an evidentiary hearing at the motion to dissolve. However, the trial court permitted the appellant to proffer into the record testimony Avery intended to produce. Such a proffer enables the appellate court to determine whether the proposed proof is or is not material and whether refusal to permit the testimony was error.
Having reviewed the proffered testimony in regard to consideration of the points above, the testimony does not show circumstances which would require the court to dissolve the injunction. Thus we find no error and affirm the trial court. See De- *619 Carlucci v. Granulite, Inc., 171 So.2d 587 (Fla. 2d DCA 1965).
AFFIRMED.
WALDEN and STONE, JJ., concur.

. Federal Rule of Civil Procedure 60(b) states:
The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding,....
This rule is substantially the same as Florida Rule of Civil Procedure 1.540(b).