566 So.2d 875 (1990)
Mohamed SHOUMAN, D/B/a Bobo's Supermarket, Appellant,
v.
AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., Appellee.
No. 89-2520.
District Court of Appeal of Florida, Third District.
September 11, 1990.
*876 William J. Berger, Baron & Cliff and Nancy Cliff, Miami, for appellant.
Heimberg, Heimberg & Rader and Paul E. Heimberg, Boca Raton, Joel V. Lumer, Miami, for appellee.
Before COPE, GERSTEN and GODERICH, JJ.
PER CURIAM.
The sole issue before us on this appeal is whether the trial court erred by granting a temporary injunction without notice against the appellant Mohamed Shouman, defendant below. We reverse.
Shouman operated a supermarket at which he sold American Express money orders, as agent for appellee American Express Travel Related Services Co. Shouman's contract with American Express provided that Shouman was to hold the proceeds from the sales in trust and remit them to American Express on a weekly basis.
American Express filed a verified complaint, motion for temporary injunction, and affidavit in which American Express alleged that Shouman had diverted proceeds from the sale of money orders. American Express sought to enjoin transfer of funds from various of Shouman's bank accounts, and to freeze certain of Shouman's business assets.
American Express sought entry of the temporary injunction on an ex parte basis. The affidavit supporting the temporary injunction asserted that Shouman would attempt to transfer or conceal assets to avoid payment. The injunction was entered ex parte and Shouman has appealed contending that notice should have been given prior to entry of the temporary injunction. On the facts presented here, we agree.
A temporary injunction without notice is an extraordinary remedy and should be granted sparingly. State v. Beeler, 530 So.2d 932 (Fla. 1988). Further, the facts, by affidavit or verified pleading, must show an immediate and irreparable injury, loss, or damage to movant, before a temporary injunction without notice may be granted. Fla.R.Civ.P. 1.610(a)(1). Additionally, the rule is that in a complaint seeking a temporary injunction without notice, the complaint must allege facts showing why and how the giving of notice will precipitate or accelerate the injury. Dixie Music Co. v. Pike, 135 Fla. 671, 185 So. 441 (1938); Bell v. All Persons Claiming Any Estate, Right, Title, or Interest in, or Lien upon Real Property, 198 So.2d 35 (Fla. 3d DCA), cert. denied, 201 So.2d 894 (Fla. 1967).
In the present case the complaint indicates that American Express had made demand on Shouman for repayment of the funds four months prior to the filing of the complaint and motion. The affidavit indicates that one of Shouman's checks intended to pay for money orders was returned for insufficient funds five months prior to the application for the temporary injunction. No reason appears on the face of the motion, affidavit, or complaint for the delay *877 in seeking judicial relief. Since the controversy over these funds had been ongoing between American Express and Shouman for several months, and Shouman was well aware of American Express' claims for repayment, relief should not have been sought on an ex parte basis. We therefore reverse the temporary injunction. Our ruling is without prejudice to American Express to make application for such relief as it may otherwise be entitled to, with notice.[*]
NOTES
[*] The parties to the appeal have agreed that the issues here should be limited to whether the injunction should have been granted without notice. Since the parties have agreed to so limit the issues, we need not reach the question whether that result is compelled by State v. Beeler, 530 So.2d 932 (Fla. 1988). See Hotel-Motel, Restaurant Employees & Bartenders Union v. Black Angus of Lauderhill, Inc., 290 So.2d 479 (Fla. 1974).