644 So.2d 538 (1994)
FIRST UNION NATIONAL BANK OF FLORIDA, N.A., Alden Pond, Inc., Usx Credit, a Division of USX Credit Corporation, a Delaware corporation; Banco Exterior De Espana, S.A., a foreign bank; Banco Bilbao Vizcaya, S.A., a foreign bank, Petitioners/Appellants,
v.
PEOPLES NATIONAL BANK OF COMMERCE, MIAMI, a national banking association, Respondents/Appellees.
Nos. 94-625, 94-626, 94-652 and 94-659.
District Court of Appeal of Florida, Third District.
October 5, 1994.
Foley & Lardner, Amy S. Rubin and Matthew Triggs, West Palm Beach; Holland & Knight, Jose A. Casal, Lucinda A. Hofmann; and Mishan Sloto Hoffman & Greenberg, Jeffrey R. Sonn and Carol L. Cox, Miami, for petitioners/appellants.
Silverio & Hall; Patterson Claussen Santos & Hume, and John Patterson and Mark Silverio, Miami, for respondents/appellees.
Before HUBBART and BASKIN and GREEN, JJ.
PER CURIAM.
This is an appeal and a petition for a writ of certiorari, filed by the defendant First Union National Bank of Florida, N.A., Alden Pond, Inc., and other defendants below, from a trial court order which granted the defendant Alden Pond's motion to dismiss the only count of the complaint in which Alden Pond is named as a defendant, and sua sponte ordered as follows:

*539 "The court, however, finds ALDEN POND to be an indispensable party and stakeholder and hereby orders that it remain a party to the lawsuit. ALDEN POND is hereby granted permission to sell the real property at issue in this litigation provided it holds in escrow or in an attorney's trust account, pending further order of the Court or the ultimate resolution of the issues raised in the lawsuit, all the funds from the sale. The plaintiff shall be kept informed of all matters pertaining to the property and its sale."
First, we have jurisdiction to entertain an appeal from the injunctive aspects of the above order  to wit: that portion of the subject order directing the defendant Alden Pond to hold in escrow or in an attorney's trust account any proceeds from the sale of the real property in litigation below pending further order of the court  under Fla. R.App.P. 9.130(a)(3)(B), as authorized by Article V, Section 4(b)(1) of the Florida Constitution. We, accordingly, reverse the injunctive aspects of the subject order, upon the commendable confession of error filed herein by the plaintiff/appellee Peoples National Bank of Commerce, Miami, because, without dispute, this injunctive relief was entered sua sponte by the court in the absence of required pleadings and notice. See Fla. R.Civ.P. 1.610(a); Camji v. Helmsley, 602 So.2d 617 (Fla. 3d DCA 1992); Shouman v. American Express Travel Related Servs. Co., 566 So.2d 875 (Fla. 3d DCA 1990); Soffer v. Leopold, 531 So.2d 201 (Fla. 3d DCA 1988).
Second, we deny the defendants' petition for a writ of certiorari as to the balance of the order under review. Art. V, § 4(b)(1), Fla. Const. Contrary to the defendants' argument, the trial court's order dismissing the defendant Alden Pond was not with prejudice, and, accordingly, the court did not lose jurisdiction over Alden Pond. This is so because the subject order does not indicate whether the dismissal was with or without prejudice; therefore, the dismissal was, in legal effect, without prejudice to the plaintiff to file an amended complaint against Alden Pond, which, in fact, has been accomplished. Fla.R.Civ.P. 1.420(a)(2) ("Unless otherwise specified in the order [of dismissal], a dismissal [by the court] is without prejudice."). Beyond that, we conclude that the defendants otherwise have an adequate remedy by appeal and are not irreparably injured by the balance of the subject order, thereby disentitling them to certiorari review here. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla. 1987); Brooks v. Owens, 97 So.2d 693, 695 (Fla. 1957). Moreover, we do not agree that this portion of the order is otherwise reviewable by appeal under any of the provisions of Fla.R.App.P. 9.130(a), as authorized by Article V, § 4(b)(1) of the Florida Constitution.
The injunctive aspects of the order under review are therefore reversed and the cause remanded to the trial court with directions to strike such provisions from the order. In all other respects, we deny the petition for a writ of certiorari as to the balance of the order under review.
Reversed in part; certiorari denied.