WARNER, J.
Appellants seek reversal of the trial court’s order dissolving an ex parte temporary injunction enforcing a non-competition agreement. While the trial court appeared to grant the motion based upon appellants’ improper ex parte request (we agree that it was improper), appellee elected to move to dissolve the injunction rather than appeal it. Once a “party has received the benefit of notice and an opportunity to be heard on the motion to dissolve,” the issue of lack of notice is rendered moot. State v. Beeler, 530 So.2d 932, 934 (Fla.1988). Consequently, lack of notice is not a reason to affirm.
We nevertheless affirm the order dissolving the injunction because, on its face, the injunction was overbroad and restrained appellee from far more activities than were permissible under the provisions of the non-competition clause in the agreement. While the other allegations concerning the injunction’s impropriety may require an evidentiary hearing, the over-breadth claim does not. Therefore, the trial court did not err in dissolving the injunction without affording an evidentiary hearing.
While our ruling would be without prejudice to appellants renewing their application for a temporary injunction (with notice), appellee herself had filed a complaint for injunction before appellants filed their own complaint. In that suit, appellee sought an order enjoining appellants from attempting to enforce this very non-competition agreement on the ground that it was not enforceable for a variety of reasons, including that appellants no longer had a legitimate business interest to protect, nor was appellant IDS Telecom a party to the *950 agreement. Appellants’ claim for injunc-tive relief was clearly a compulsory counterclaim to appellee’s suit, and the trial court rightfully criticized the fact that appellants’ counsel misled the court into granting the temporary injunction by failing to advise the court of the other pending lawsuit. The two suits should be consolidated before any further entitlement to an injunction is considered.
STEVENSON and HAZOURI, JJ., concur.