# Third District Court of Appeal
## State of Florida

Opinion filed October 19, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-137
Lower Tribunal No. 21-6911
_____

**Danielle Montes-Bolden,**
Appellant,

vs.

**Lina Beauvais,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Law Office of Ennis Leon Jacobs, Jr., and Ennis Leon Jacobs, Jr. (Tallahassee), for appellant.

The Law Offices of Duane E. Baum, P.A., and Duane E. Baum (Plantation), for appellee.

Before FERNANDEZ, C.J., and EMAS and SCALES, JJ.

PER CURIAM.

The subject of this family dispute is a "vulnerable adult,"[1] Andre Beauvais, an elderly gentleman who is the husband of appellee Lina Beauvais and, from an earlier marriage, the father of appellant Danielle Montes-Bolden. Montes-Bolden appeals a December 3, 2021 trial court order that: (i) vacated a November 24, 2021 temporary protective injunction[2] that had enjoined Lina Beauvais from caring for and having contact with her husband, and from residing in the dwelling that she shared with him; and (ii) removed Montes-Bolden from the same dwelling, effectively enjoining Montes-Bolden from caring for and having contact with her father.

The trial court entered the November 24th temporary protective injunction *ex parte* and set a full hearing on Montes-Bolden's injunction petition for December 2, 2021. After having to leave her home to comply with the injunction, Lina Beauvais filed an emergency motion to vacate the injunction. On December 2nd, the trial court conducted an evidentiary

---

[1] "'Vulnerable adult' means a person 18 years of age or older whose ability to perform the normal activities of daily living or to provide for his or her own care or protection due to mental, emotional, sensory, long-term physical, or developmental disability or dysfunction, or brain damage, or the infirmities of aging." § 415.102(28), Fla. Stat. (2021).

[2] The trial court entered the temporary protective injunction pursuant to section 825.1035 of the Florida Statutes (2021). This statute provides for the entry of a temporary injunction to protect a vulnerable adult primarily from financial exploitation. See §§ 825.103, 825.1035, Fla. Stat. (2021).

hearing on both Montes-Bolden's petition and Beauvais's motion and entered the challenged order the following day.

We affirm the portion of the challenged order that vacates the temporary protective injunction,[3] but we reverse the portion of the order that, *sua sponte*, barred Montes-Bolden from Andre Beauvais's residence and from having any contact with Andre Beauvais without prior court approval. Beauvais's emergency motion to vacate did not seek injunctive relief against Montes-Bolden, and a trial court may not grant injunctive relief *sua sponte*. First Union Nat'l Bank of Fla., N.A. v. Peoples Nat'l Bank of Commerce, Miami, 644 So. 2d 538, 539 (Fla. 3d DCA 1994) ("We . . . reverse the injunctive aspects of the subject order . . . because, without dispute, this injunctive relief was entered *sua sponte* by the court in the absence of required pleadings and notice."); see Grand Venetian Condo. Ass'n v. Prince, 916 So. 2d 66, 66 (Fla. 3d DCA 2005).

Affirmed in part, reversed in part.

---

[3] Our standard of review is abuse of discretion. "A trial court is afforded broad discretion in granting, denying, dissolving, or modifying injunctions, and unless a clear abuse of discretion is demonstrated, an appellate court must not disturb the trial court's decision." Credo LLC v. Speyside Invests. Corp., 259 So. 3d 893, 897-98 (Fla. 3d DCA 2018).