66 So.2d 260 (1953)
LEWIS
v.
LEWIS.
Supreme Court of Florida, Division B.
July 17, 1953.
*261 Cushman, Gay & Woodard, Miami, for petitioner.
Kohen, Granat & Frank, Miami Beach, for respondent.
HOBSON, Justice.
The petitioner, Art Lewis, seeks to have this Court review and quash an order entered in an equity cause wherein Ben Lewis, respondent, is plaintiff and Art Lewis, petitioner, is defendant, said order bearing date March 4, 1953. The order is recorded in Chancery Order Book 1069 on page 569 of the records of the Circuit Court in and for Dade County, Florida, and is entitled "Constitutional Writ of Injunction."
Ben Lewis filed his complaint in equity against Art Lewis on February 6, 1951. He sought the dissolution of an alleged partnership, an accounting and an injunction. On February 8, 1951, he applied to the Circuit Court for the issuance of a temporary injunction enjoining and restraining Art Lewis from disposing of certain property. The injunction issued and Ben Lewis was required to give an injunction bond in the sum of $5,000. Thereafter, the bond was increased to $25,000 and a bond in such amount was posted. After Art Lewis filed an amended answer and counterclaim the Chancellor, upon motion therefor, rendered a summary final decree in which he dismissed the bill of complaint "as to all claims or demands, except dividends which have been paid to either or both partners by either or any of the corporations specified in the next paragraph of this decree." The Chancellor ordered an accounting between Ben Lewis and Art Lewis and that each account to the other "as to any dividends paid to either of said partners by any of the following corporations: Art Holding Corporation, a Virginia corporation, Jessam Corporation, a Florida corporation, Lewber Homes, Inc., a Florida corporation, Virginian Hotel, Inc., a Florida corporation, Dorset Operating Corporation, a Florida corporation, 100-21st Street Realty Corporation, a Florida corporation, *262 and that such accounting be limited to ascertaining the amount, if any, of any dividends paid to or received by either of said partners by each of said corporations, which shall constitute a lien against the stock of each of said respective corporations standing in the name of either partner until any amount found due be paid, or until the further order of the court, otherwise said bill of complaint is hereby dismissed."
The temporary injunction which had previously been issued was by said final decree dissolved and discharged. Ben Lewis filed a motion for rehearing which was denied and he then entered an appeal from the summary final decree. Subsequently, on January 28, 1953, Ben Lewis filed a motion to release and discharge him from all liability upon the $25,000 injunction bond. Said motion was granted by the Chancellor and Ben Lewis was discharged from all liability under said injunction bond subsequent to December 17, 1952, which was the date of the summary final decree. Thereafter, and until March 4, 1953, no injunction or restraining order was in force, nor was there any effective injunction bond in existence. However, Ben Lewis, on March 4, 1953, filed a petition for so-called "Constitutional Writ of Injunction" and on said date the lower court entered the order which petitioner seeks to have reviewed and quashed.
In and by said order the lower court enjoined Art Lewis, petitioner herein, "from selling, assigning, transferring, encumbering or hypothecating all or any part of the stock owned by him in the 100-21st Street Realty Corporation until the further order of this Court."
Petitioner contends that under the circumstances herein related the Chancellor, who had no previous connection with the case, had no authority to grant an injunction without notice and without bond during the pendency in this Court of the appeal from the summary final decree. He further contends that the Chancellor was not authorized to issue a so-called "Constitutional Writ" without notice or bond which writ of injunction has the effect of superseding a final decree from which an appeal has been taken, without any attempt to apply for or post supersedeas bond as provided by Section 59.13(5), F.S.A.
We have no difficulty in determining that the Chancellor was fully authorized to grant an injunction even though he had not theretofore participated in the equity suit although, as hereinafter noted, we are of the opinion that he should have required an injunction bond. Each Circuit Judge in a given circuit has the same authority which is vested by organic law in every other contemporary Circuit Judge. Moreover, counsel for respondent have explained that the Circuit Judge who acted originally as Chancellor in the equity cause was defeated in the election of 1952 and that his successor in office, although he was on the bench at the time of the application for the injunctive order concerning which complaint is made herein, was unable to hear this matter. Counsel further assert that according to the recognized procedure in Dade County such Circuit Judge's alternate is required to act under the circumstances and the Circuit Judge who did act in this instance was the alternate Circuit Judge of the Circuit Judge who succeeded the one before whom the equity cause was originally heard. Be that as it may, we find no logical basis for holding that the Circuit Judge who as Chancellor entered the injunctive order of March 4, 1953, was without authority to enter such order.
The summary final decree now pending in this Court on appeal is what may be termed a split decree. It is a final decree insofar as it dismissed the complaint as to certain claims made therein but it did not finally dispose of the chancery suit which was being litigated. In other words, the judicial labor was not at an end with reference to all issues presented in and by the pleadings in the chancery cause.
It was determined in and by the said summary final decree that an accounting be made between the parties and that each account to the other as to dividends paid to either of the partners by any of certain named corporations. The application for the issuance of the injunction which precipitated the injunctive order here under attack alleged that Art Lewis was on the *263 verge of disposing of stock in the 100-21st Street Realty Corporation which constituted the only asset that he owns in the State of Florida and if he were not enjoined from doing so he would sell and dispose of said stock which would result in irreparable injury to Ben Lewis in the event his claim against Art Lewis should be sustained because he would have no means of collecting any sum of money which might be decreed due him from Art Lewis. Said application for an injunctive order laid a precedent for the issuance of an injunction without notice but we do not find in the application or in this record any predicate or basis for the issuance of an injunction without bond.
Section 64.03, F.S.A., provides that an injunction shall not issue without bond unless the party applying therefor shall make affidavit that the complainant "is unable to give bond of indemnity or other security" in which event "the chancellor shall receive from both parties evidence of the truth or falsity" of such sworn allegation. We do not find in the transcript of record that this procedure was followed and certainly the application for the injunctive order lays no predicate for the issuance of an injunction without bond. Indeed, the application is wholly silent upon the question of Ben Lewis' ability or lack of ability to make a bond. Moreover, the record shows that earlier in the litigation he was able and did make a $25,000 injunction bond.
Evidently the learned Chancellor was of the opinion that there is some magic in the words "constitutional writ of injunction." It is true that Section 11 of Article V of the Constitution of Florida, F.S.A., vests Circuit Courts and Judges with "power to issue writs of mandamus, injunction, quo warranto, certiorari, prohibition, habeas corpus and all writs proper and necessary to the complete exercise of their jurisdiction." Although the Circuit Courts have the constitutionally granted power to issue writs of injunction, they are, nevertheless, required to give effect to Section 64.03, F.S.A., and must follow its provisions in the exercise of such power.
It is our conclusion that the writ of certiorari should issue and that the Chancellor be directed either to dissolve the injunction or require the posting of an injunction bond in an amount sufficient to indemnify petitioner for such costs and damages as he might incur or suffer in the event it ultimately be determined that he was wrongfully enjoined or restrained by said temporary injunction.
It is so ordered.
ROBERTS, C.J., and THOMAS and DREW, JJ., concur.