THOMAS, Justice.
This matter was presented on what the appellant described in its notice as an “ap1-peal * * * to -review the Partial Summary Final Decree” in which the chancellor adjudicated a principal feature of the controversy, namely, the, existence under Sec: 83.08(2), Florida Statutes 1949, and F.S.A., of a statutory lien upon the appellant’s property for the rental due by appellant’s lessor to the appellee. The chancellor observed that “[ojther questions herein, and not decided, either require the taking of proof or notice to other parties [sic]” and he reserved jurisdiction “for the purpose of entering such further orders as may become necessary.”
It is obvious that neither the chancellor nor the appellant considered the decree a final disposition of the entire cause, and the appellee .seems to have had the same thought, yet the procedure followed by the appellant subsequent to the notice was that prescribed by the rules governing appeals. The appellant filed assignments of error. The appellee filed no assignments of error but he challenged in his brief the propriety of that part of the decree in which the chancellor refused to apply Sec. 83.06, Florida Statutes 1949, and F.S.A., providing for double rental in certain circumstances.
It is appellee’s attitude that the decree in this case is a “ ‘partial summary final decree’ ” and that “[s]uch a decree has heretofore been termed by this Court as a ‘split decree’ ” to quote the opening statement of its brief. The cases ’ cited for the' term “split decree” are Lewis v. Lewis, Fla., 66 So.2d 260, and Beverly Beach Properties v. Nelson, Fla., 68 So.2d 604.
•The-ease here has taken an unusual turn-. The appellant represents that the “entire litigation has now become moot as the City’s claim for rent has been or will be paid out o.-f assets in the hands of the Trustee” in bankruptcy, of. Bahia Mar, Corporation, the original lessee.
It is our view that there is -no obligation on the part of this court to discuss and decide this complex litigation when the one who brought it here insists that it is moot and when his adversary defends the part attacked, and has not challenged by cross assignments' the part it considers unfavorable. ...
*592 ■ So the appeal is dismissed without prejudice to presenting anew the question of liability of' sub-lessees if it develops that there are insufficient funds in the trustee’s hands to discharge the city’s claim for rent.
DREW, C. ' J., and HOBSON and .THORNAL, JJ., concur.