DOWNEY, Judge.
By these consolidated appeals appellants, Albert J. Ponke and Jack R. Pace, seek review of an order of the trial court dated January 18, 1982, in which appellants were held in contempt for violation of a temporary injunction.
Appellee, A.A. Boca, Inc., sued the appellants and Seaboard Sedan Services, Inc., to, among other things, enjoin all defendants from violating a non-competition agreement involved in the sale of a taxi business. On August 18,1981, a temporary injunction was entered enjoining Sedan Services and Pace, their agents, servants, and employees from competing with appellees in the taxi business in violation of the non-competition agreement.
On September 29, 1981, the trial court found Sedan Services and Pace to be guilty of civil contempt and sentenced Pace to be incarcerated until he purged himself by performing certain described purgative acts and fining both Pace and Sedan Services. Thereafter, on January 18, 1982, Sedan Services and Pace were once again found to be in contempt of court for further violations of the temporary injunction. In said order, the court also found that Albert Ponke had submitted himself to the jurisdiction of the court by testifying on the merits of the case and the court found that he, too, was in contempt. The order further enjoined Ponke, Seaboard Transit, and Greater Eastern Seaboard Transport Company to comply with the prior injunctive order. Finally, the order fined Ponke, Pace, Seaboard Transit, and Greater Eastern Seaboard Transport Company $1,000.
Petitions for writ of prohibition were filed by Ponke and Pace to prohibit the trial court from enforcing the order of January 18, 1982, which petitions have been treated as appeals. While these appeals were pending the trial court amended the order of January 18,1982, and vacated the contempt provisions as to Ponke, by order dated February 16, 1982.
We are compelled to reverse the order of January 18,1982, as regards Ponke for several reasons. Initially, we observe that the trial court lacked jurisdiction to amend the order of January 18, 1982, because jurisdiction over that order was vested in this court. Therefore, the February 16,1982, order was ineffective to vacate the contempt provisions relating to Ponke. Secondly, we hold the trial court erred in finding that Ponke had submitted himself to the court’s jurisdiction by appearing as a witness on behalf of Pace. Furthermore, since service of process had never been effected upon Ponke and there was no showing the injunction had been served upon him, the temporary injunction of August 18, 1981, was not effective as to him and his related corporations.
Accordingly, we reverse the order of January 18, 1982, as it applies to appellant, Albert Ponke, and remand the cause to the trial court so that appellee can proceed against Ponke as it may be advised.[1]
We have considered all of the points raised by appellant, Jack R. Pace, and find them to be without merit.
The order of January 18,1982, is reversed as to appellant, Albert Ponke, and affirmed as to appellant, Jack R. Pace, and the cause is remanded for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ANSTEAD and HURLEY, JJ., concur.

. The court was advised by appellant, Ponke, at oral argument that he had now been served with process in the case.