COBB, Judge.
The petitioners, hereinafter referred to as Brooks, et al., are plaintiffs and prospective plaintiffs in a putative class action suit filed in Orange County, Florida on May 31, 1995, against Louisiana-Pacific Corporation, which action claims that the latter furnished defective siding on homes and buildings throughout the State of Florida. That Orange County action was purportedly abated, however, by an order entered in Lake County in the action below by the Respondent Circuit Judge, Jerry T. Lockett, where a similar class action against Louisiana-Pacific was already pending, having been filed in October, 1994. Brooks, et al., who are also members of the putative class involved in the Lake County litigation, assert that the Lake County order was issued without sufficient notice and without an opportunity for them to be heard. An action based upon the same facts and circumstances was also filed against Louisiana-Pacific in the Circuit Court of Okaloo-sa County, Florida, on May 2, 1995. The Orange County action, unlike the other two, involves a federal RICO claim for treble damages against Louisiana-Pacific.
On June 1, 1995, the parties to the Lake County litigation submitted a proposed class settlement to the Lake County Circuit Court for approval. On June 5, 1995, Judge Lock-ett entered an order in regard to the proposed settlement which, inter alia, enjoined all absent class members from pursuing their own actions against Louisiana-Pacific and purports to abate all other class actions pending against Louisiana-Pacific. The order scheduled a deadline of August 2, 1995, for all putative class members of Brooks to “opt out” and scheduled a hearing on August 14, 1995 to determine the fairness of the proposed settlement.
Brooks, et al., contend that the order prevents its class members from having access to all of the necessary facts to decide whether or not to stay in the class and accept the settlement since no discovery has taken place in the Lake County case and the order purports to abate the other pending actions in Orange and Okaloosa Counties. Moreover, the “fairness hearing” is scheduled after the deadline for class members to decide whether or not they wish to remain in the class. Brooks, et al., also argue that the challenged order entered by Judge Lockett is an exercise of jurisdiction over them and absent *1207 class members without a formal certification of the class. The order provides that certification of the class is “conditional upon final approval by [the Circuit] Court after a hearing for fairness and acceptance of the Settlement Agreement.” Absent such formal certification, say Brooks, et al., the Lake County Circuit Court lacks jurisdiction over the absent class members who have never voluntarily appeared in the action below and have never been served with process. See Ponke v. A.A Boca, Inc., 429 So.2d 415, 416 (Fla. 4th DCA 1983).
The crux of the argument by Brooks, et al. is that they are “being railroaded into choosing between accepting the settlement offer at face value without the benefit of discovery, evidence or counsel; or opting out of the class.” Such a decision, they contend is “unconscionable,” and warrants the issuance of a writ of prohibition against Judge Lockett and the issuance of a Writ of Certiorari reversing the order rendered June 5, 1995, with instructions that the class cannot be certified, conditionally or otherwise, in the absence of additional discovery, notice, and a reasonable opportunity to be heard.
In response to the Petitions for Prohibition and Certiorari, Louisiana-Pacific Corporation asserts that the original plaintiffs in the Lake County action — Anderson, et al. — engaged in extensive discovery and settlement negotiations, eventuating in the execution on May 31, 1995 of a settlement agreement between Louisiana-Pacific and the Anderson plaintiffs, subject to court approval. Louisiana-Pacific asserts that it was not served with the Orange County complaint, filed by Brooks, et al., until on or about June 1, 1995. It says the alleged definition of the class in both suits encompasses the same individuals and/or business entities.
Louisiana-Pacific further contends that the Orange County plaintiffs (Brooks, et al.) have proceeded with expedited discovery in that action, and have not abided by Judge Lock-ett’s order in the Lake County action, do not consider themselves bound by it, have not been hindered in their discovery efforts, and are not entitled to any relief by an appellate court at this time. Louisiana-Pacific also argues that prohibition is not an appropriate remedy to revoke an order already issued, citing to State ex rel. R.C. Motor Lines, Inc. v. Boyd, 114 So.2d 169,170 (Fla.1959). They further contend that Judge Lockett has in ■personam jurisdiction over Brooks, et al., unless and until they opt out of the Lake County action. Louisiana-Pacific argues that certiorari relief is precluded because Brooks, et al., are not confronted by any irreparable injury which cannot be remedied by appeal, citing to Martin-Jdhnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987).
Louisiana-Pacific argues that when two courts in one sovereignty have concurrent jurisdiction, as do Orange and Lake in the instant situation, the “first in time” rule is that the court which first exercises jurisdiction acquires the exclusive jurisdiction to proceed with that case. Polaris Public Income Funds v. Einhom, 625 So.2d 128, 129 (Fla. 3d DCA 1993); Bedingfield v. Beding-field, 417 So.2d 1047, 1048 (Fla. 4th DCA 1982), pet for rev. dismissed, 427 So.2d 736 (Fla.1983). Thus, if Brooks, et al., elect to opt out of the Anderson class in the Lake County action on or before August 2, 1995, they are free to pursue their own individual actions with no prohibitions.
We agree with the petitioners that Judge Lockett, a Lake County circuit judge, was not empowered to issue an order staying a pending action in another jurisdiction. Section 26.021(5), Florida Statutes (1993) defines the territorial jurisdiction of the Fifth Judicial Circuit, which includes Lake County, as follows: “The fifth circuit is composed of Citrus, Hernando, Lake, Marion and Sumter Counties.” See also § 26.26, Fla. Stat. (1993). The Fifth Judicial Circuit has no territorial jurisdiction over Orange County, which is within the Ninth Judicial Circuit. See § 26.021(9), Fla. Stat. (1993). Although prohibition generally is not available to revoke an order already entered, the order in the instant case attempts to exert an ongoing effect on pending class-action litigation involving Louisiana-Pacific throughout the *1208 State of Florida. None of the cases cited by Louisiana-Pacific involves the authority of one state court to enjoin another state court of equal standing in a different territorial jurisdiction within the state. If Louisiana-Pacific wishes to stay the Orange County case, or the Okaloosa County case, on the basis of the “first-in time” argument, then it should apply for such stop in the actions pending in those counties. Therefore, we must grant the writ of prohibition in regard to the trial court’s order dated June 5, 1995, and quash Paragraph 2 thereof.
We disagree with the petitioners, however, in regard to their quest for certiorari review of Judge Lockett’s order of June 5, 1995. They have had ample time and discovery opportunity to evaluate their own claims against Louisiana-Pacific. Indeed, if they have not, they should not have initiated their separate action in Orange County. Therefore, we deny certiorari review.
PROHIBITION GRANTED; CERTIO-RARI DENIED.
DAUKSCH and W. SHARP, JJ., concur.