679 So.2d 359 (1996)
David T. SMITH, Appellant,
v.
William K. KNIGHT, an individual, and Knight Energy Services, Inc., a Florida corporation, Appellees.
No. 96-2229.
District Court of Appeal of Florida, Fourth District.
September 11, 1996.
*360 Traci H. Rollins, P.A., and Christine A. Noworyta of Steel Hector & Davis, LLP, West Palm Beach, for appellant.
Steve I. Silverman and Jason S. Oletsky of Kluger, Peretz, Kaplan & Berlin, P.A., Miami, for appellees.
GROSS, Judge.
On April 11, 1996, William Knight and his company filed a complaint against David Smith seeking damages and injunctive relief. The complaint alleged that Knight had developed a unique business concept, with several prototypes up and running; that Knight provided Smith with confidential information and trade secrets so that Smith could evaluate a potential business venture with Knight; and that Smith signed both a confidentiality agreement pertaining to the use of confidential information and a non compete clause preventing Smith from engaging in businesses similar to Knight's. The complaint alleged that Smith had breached the confidentiality and non compete agreements by failing to return confidential information and by using the information and trade secrets to compete with Knight.
With the complaint, Knight filed an emergency motion for temporary injunctive relief with supporting affidavits. The motion claimed that Smith had used the confidential information to set up competing businesses in Georgia and Texas, with the intent to expand into Florida and nationwide. As irreparable injury, the motion asserted that Smith's misappropriation of trade secrets and confidential information was causing "damage to Knight's good will and intellectual property rights" and loss of business opportunity and market share. To justify emergency ex parte relief, the motion cited to the ongoing deterioration of Knight's good will and market share and alleged that Knight did not know Smith's current whereabouts, making expedient service of process difficult. Affidavits filed in support of the motion and complaint attested that Smith told Knight of residences in California, New *361 York and Puerto Rico. Affidavits filed on May 23, 1996, indicated that a process server was unable to serve or locate Smith.
On June 3, 1996, the trial court heard ex parte the emergency motion for a temporary injunction. The court issued a temporary injunction on June 6, requiring, inter alia, that Smith cease and desist from any actions that compete with Knight's business. The injunction was conditioned on Knight's posting a $1,000 bond. Smith appealed the temporary injunction to this court pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B). Our review is limited to the legal sufficiency of the complaint, supporting affidavits, and motion which formed the basis for the entry of the temporary injunction. E.g., County of Orange v. Webster, 503 So.2d 988, 989(Fla. 5th DCA 1987).
Smith first argues that the temporary injunction was invalid because he had not been served with process, thus, the court had no personal jurisdiction over him. This argument confuses the court's ability to issue a temporary injunction with the power to enforce it. As long ago as 1866, the Florida Supreme Court wrote:
It is clear that in a suit in equity, upon the filing of the bill, an injunction or other restraining order may issue, if the same is prayed for, and this before subpoena[1] has issued or been served.
Thebaut v. Canova, 11 Fla. 143, 163 (1866). This policy is practically and theoretically sound. A request for a temporary injunction often accompanies the original complaint and service of both are typically accomplished simultaneously. One ground for an ex parte temporary injunction is that to give notice would be to accelerate the injury. Allen v. Hawley, 6 Fla. 142, 161-62 (1855); 42 Am. Jur.2d Injunctions § 265 (1969). Personal jurisdiction is thus not required for a temporary injunction to issue. However, unless a court has acquired personal jurisdiction over a defendant by service of process, a court may not use its contempt power against the defendant to enforce a temporary injunction. Ponke v. A.A. Boca, Inc., 429 So.2d 415 (Fla. 4th DCA 1983); see Alger v. Peters, 88 So.2d 903, 906 (Fla.1956); Savage v. Winfield, 152 Fla. 165, 11 So.2d 302, 303 (1943); Riddick v. Suncoast Beauty College, Inc., 570 So.2d 1064, 1065-66 (Fla. 2d DCA 1990). This case does not involve such an attempt at enforcement.
On other grounds, Smith is correct that the temporary injunction without notice should not have been entered. Florida Rule of Civil Procedure 1.610(a)(1) provides that a temporary injunction may be granted without written or oral notice to the adverse party only if:
(A) it appears from the specific facts shown by affidavit or verified pleading that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
(B) the movant's attorney certifies in writing any efforts that have been made to give notice; and
(C) the reasons why notice should not be required.
A temporary injunction without notice is an extraordinary remedy that should be granted sparingly. State v. Beeler, 530 So.2d 932, 933 (Fla.1988). Ex parte orders are antithetical to precious due process rights. For this reason, rule 1.610(a) requires a "strong and clear" showing before a temporary injunction without notice may issue. Id. To satisfy the rule's mandate of establishing why notice should not be required, a plaintiff seeking an ex parte temporary injunction must demonstrate (1) how and why the giving of notice would accelerate or precipitate the injury or (2) that the time required to notice a hearing would actually permit the threatened irreparable injury to occur. Dixie Music Co. v. Pike, 135 Fla. 671, 185 So. 441, 446 (1938); Lieberman v. Marshall, 236 So.2d 120, 125 (Fla.1970); Minimatic Components, Inc. v. Westinghouse Elec. Corp., 494 So.2d 303, 304 (Fla. 4th DCA 1986); Shouman v. American Express Travel Related Servs. Co., 566 So.2d 875 (Fla. 3d DCA 1990). Examples of such a showing are where notice of a hearing will prompt a *362 defendant to destroy records,[2] cause unsecured assets to be liquidated in the context of a fraudulent enterprise,[3] or precipitate the disposal of the major asset of a partnership subject to an accounting.[4]
This case did not involve a threat of an impending, irreparable injury. There was no showing that notice to Smith would accelerate or precipitate the injury to Knight. Rather, the damage alleged arose from Smith's ongoing operation of a competing business. Cf. Shouman, 566 So.2d at 877. This type of continuing, generalized damage generally does not justify the issuance of an ex parte injunction. Additionally, the time frames of this case do not point to the existence of any emergency sufficient to dispense with notice. Sixty days had passed from the filing of the complaint before the motion for temporary injunction was set for hearing. See National Dairy Products Corp. v. State, 189 So.2d 811, 813 (Fla. 1st DCA 1966). Knight knew of Smith's conduct as early as January 1996. In March 1996, before the April filing of the lawsuit, one of Knight's employees had visited one of Smith's Georgia business locations. Most importantly, Knight's affidavits described a previous business dealing between the two men; they did not demonstrate why this contact did not provide Knight with names of persons or addresses through which Smith could have been notified of an application for a temporary injunction. See SeaEscape, Ltd., Inc. v. Maximum Mktg. Exposure, Inc., 568 So.2d 952, 956 (Fla. 3d DCA 1990). For these reasons, Knight has failed to make the showing required by rule 1.610(a) to justify the issuance of a temporary injunction without notice. Having decided the case on this basis, we do not reach the issue of the inadequacy of the bond. See Minimatic Components, Inc., 494 So.2d at 304.
The temporary injunction issued on June 6, 1996 is quashed, without prejudice for Knight to apply to the trial court for a temporary injunction with notice.
REVERSED AND REMANDED.
STONE and WARNER, JJ., concur.
NOTES
[1] In 1866, the original process in equity was called a subpoena. Trawick, Florida Practice and Procedure, § 8-1 (1995); see, e.g., Bailey v. Crum, 120 Fla. 36, 162 So. 356 (1935).
[2] See Beeler, 530 So.2d at 933.
[3] See id.
[4] Allen, 6 Fla. at 147, 161-62; Lewis v. Lewis, 66 So.2d 260, 262-63 (Fla.1953)(temporary injunction without notice proper to prevent partner from disposing of asset of partnership subject to an order for accounting).