748 So.2d 335 (1999)
Anil BANSAL, Appellant,
v.
Lata BANSAL, Appellee.
No. 99-530.
District Court of Appeal of Florida, Fifth District.
December 3, 1999.
Rehearing Denied January 7, 2000.
Terry C. Young and Thomas K. Johnson of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for Appellant.
Franz F. Springmann of Barnett, Barclay & Springmann, P.A., Orlando, for Appellee.
W. SHARP, J.
Anil Bansal appeals from an order of the trial court which: 1) denied his motion to stay a temporary injunction obtained by his wife, Lata Bansal; and 2) denied his motion to vacate an order of the trial court which enjoined him from proceeding in a dissolution suit he filed in India, awarded his wife sole temporary custody of the parties' two minor children, and required him to return the children to the United States from India. We have jurisdiction[1] and affirm.
The parties were married in India in January of 1987, and remarried in Michigan in March of 1987. One child, Neal, *336 was born to them in 1988 while they were living in Michigan and their second child, Apaar, was born in Florida in 1993. The parties are residents of Florida and the family has made its home in Orange County, Florida, since their move from Michigan in 1993.
Anil is a cardiologist who has a local clinic in Florida, and he earns approximately three million dollars a year from his medical practice. Lata is a neurologist who works part time. She earns approximately $50,000 a year. They have sizable joint marital assets in Florida (estimated to be as much as seventeen million dollars).
In 1998, the parties filed for dissolution in Orange County, Florida. Later they dismissed their suits, and in December of 1998, the family went to India. At this point, the parties' versions of events differ. Anil alleges Lata started threatening him with divorce while they were in India, and he filed for a divorce there, under the Hindu Marriage Act. Lata was served with a summons from a court in India on January 13, 1999, while she was in India, but she refused to accept it.
According to Lata, Anil had deceived her into dismissing her Florida dissolution suit, and induced her to go to India with the children on the pretext of taking a family vacation. Once in India, Anil refused to give her the children's passports. Accordingly, she returned alone to the United States.
On January 24, 1999, Lata filed this suit in the Florida court. She sought the entry of a temporary injunction and restraining order without notice. She alleged that, on returning to the United States, she learned Anil had attempted to wire over eight million dollars from one of their accounts and that the request to wire these funds bore her forged signature. She sought temporary sole custody of the children, and an order requiring Anil to return the children to the United States and cease prosecution of his suit filed in India.
The trial court granted Lata a temporary injunction without notice and without bond. The injunction enjoined Anil from transferring any marital assets. The court also entered an order which awarded Lata sole temporary custody of the children, required Anil to return the children to the United States, and enjoined him from pursuing the dissolution action in India.
On January 29, 1999, Anil filed an emergency motion to stay the temporary injunction. He claimed the injunction was improperly granted because there was no certification that efforts had been made to give him notice, and no bond had been required, and he suggested a bond should be required of Lata in the amount of fourteen million dollars. Anil also filed a motion to vacate the custody/dissolution order, claiming the Florida court lacks jurisdiction over him.
On February 4, 1999, a hearing was held to consider both motions. Counsel for Anil argued that the temporary injunction was improper because of lack of notice and lack of a bond. Florida Rule of Civil Procedure 1.610 governs the procedural requirements for issuance of a temporary injunction.
With regard to notice, subdivision (a) provides:
(1) A temporary injunction may be granted without written or oral notice to the adverse party only if:
(A) it appears from the specific facts shown by affidavit or verified pleading that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
(B) the movant's attorney certifies in writing any efforts that have been made to give notice; and
(C) the reasons why notice should not be required.
Lata's motion for a temporary injunction admittedly did not contain any allegations concerning efforts to give him notice. Lata did allege, however, that Anil *337 had attempted to transfer over eight million dollars out of this country from one of their accounts and that her signature on the transfer was forged. She further alleged that notice should not be given to Anil, because if he had prior notice, he would likely expedite the transfer of valuable marital assets beyond the jurisdiction of the court.
We think these allegations are sufficient. Although the rule's subsections under (1) are written in the conjunctive, it makes no common sense to require certification of efforts to give notice to a party when there are good reasons not to give notice. Verified allegations as to why notice should not be given in a particular case are sufficient. See Smith v. Knight, 679 So.2d 359 (Fla. 4th DCA 1996). Failure of Lata's counsel to certify no efforts had been made to give Anil notice is clearly not prejudicial nor do we think it is required under the rule.
Subdivision (b) of rule 1.610 requires that a bond must be set in all but two exceptional situations not applicable here, "in an amount the court deems proper," conditioned for the payment of costs and damages sustained by the adverse party if the "adverse party is wrongfully enjoined." At the hearing, the court required that Lata post a bond in the amount of $1000. Thus any initial defect in these proceedings was cured. Further, at the hearing, counsel for Lata indicated he had prepared a temporary injunction with a blank amount for a bond, anticipating the court might order one. Anil's counsel did not object to the modification of the injunction at the hearing, and thus, the error (if it is one) was not preserved for review.
On appeal, Anil argues that the amount of the bond is insufficient to protect him. However, Anil did not raise the insufficiency of the amount of the bond as an issue at the hearing, nor did he seek to show Lata had the ability to post a larger bond. Therefore, it is inappropriate for us to address these matters for the first time on appeal.
Anil also contends on appeal that the trial court should have vacated the custody/dissolution order because the Florida court lacked personal jurisdiction over him. However, Anil did not present this argument to the court at the hearing. Rather, he was concerned only with the lack of notice and opportunity to be heard before entry of the order. Again, it is inappropriate for us to address the issue of personal jurisdiction for the first time on appeal.
AFFIRMED.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] Fla.R.App.P.9.130(a)(3)(B).