768 So.2d 1191 (2000)
CITY OF BOCA RATON, a Florida municipal corporation, Appellant,
v.
BOCA RATON AIRPORT AUTHORITY, a body politic and corporate, and Boca Airport, Inc., a Florida corporation d/b/a Boca Aviation, Appellees.
No. 4D00-2149.
District Court of Appeal of Florida, Fourth District.
September 20, 2000.
Rehearing Denied October 11, 2000.
*1192 Jamie Alan Cole, Nancy E. Stroud, Mitchell J. Burnstein, and Douglas R. Gonzales of Weiss Serota Helfman Pastoriza & Guedes, P.A., Fort Lauderdale, for Appellant.
James W. Beasley, Jr., David Leacock and Robert J. Hauser of Beasley, Leacock & Hauser, P.A., and Robert M. Montgomery, Jr. of Montgomery & Larmoyeux, West Palm Beach, for Appellee-Boca Raton Airport Authority, a body politic and corporate.
Jane Kreusler-Walsh and Rebecca J. Mercier of Jane Kreusler-Walsh, P.A., West Palm Beach, for Appellee-Boca Airport, Inc., a Florida corporation d/b/a Boca Aviation.
GROSS, J.
The City of Boca Raton appeals a temporary injunction that was entered without notice to the City. We reverse.
The lawsuit in the court below began as a dispute between plaintiff Boca Airport, Inc. d/b/a Boca Aviation and defendant Boca Raton Airport Authority. Among other issues, the case involved claims by each party that the other had breached a lease.
On June 12, 2000, the Boca Raton City Council passed a resolution concerning the operation of the Boca Raton Airport.
On June 13, 2000, the Authority obtained an ex parte hearing before the trial judge assigned to its lawsuit with Boca Aviation. At that time, the Authority filed an amended counterclaim adding the City of Boca Raton as a party. Simultaneously, the Authority filed a verified motion for a temporary injunction without notice, seeking to prevent the City from enforcing or relying on the resolution passed the previous day.
Without notice to the City, the trial court entered a temporary injunction ordering that "the City, and all persons acting in concert with it, are enjoined from directly or indirectly enforcing the Resolution or from relying on it for any purpose whatsoever."
On June 16, 2000, the City appealed the order issuing the temporary injunction without notice.
Taking an immediate appeal of a temporary injunction is one way of challenging the issuance of the order without prior notice. See State v. Beeler, 530 So.2d 932, 934 (Fla.1988). As the supreme court wrote in Beeler,
After a trial court issues a temporary injunction, a defendant has two options. He may question the lack of prior notice by immediately appealing the injunctive order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B), or he may file a motion to dissolve with the trial court.
Id. at 934. We reject the Authority's contention that the hearing on the motion to lift the automatic stay was the equivalent of a motion to dissolve. Therefore, in this appeal, the City may still challenge the issuance of the order on the ground that it was without notice.
A temporary injunction is "an extraordinary remedy" that should be "granted sparingly." Beeler, 530 So.2d at 933. "Ex parte orders are antithetical to precious due process rights." Smith v. Knight, 679 So.2d 359, 361 (Fla. 4th DCA 1996). There must be a "`strong and clear' showing before a temporary injunction without notice may issue." Id. at 361 (quoting Beeler, 530 So.2d at 934). A trial court should issue an ex parte injunction only where there exists "an immediate threat of irreparable injury `which forecloses opportunity to give reasonable notice.'" Beeler, 530 So.2d at 934 (quoting *1193 Lieberman v. Marshall, 236 So.2d 120, 125 (Fla.1970)). As we observed in Smith,
To satisfy the rule's mandate of establishing why notice should not be required, a plaintiff seeking an ex parte temporary injunction must demonstrate (1) how and why the giving of notice would accelerate or precipitate the injury or (2) that the time required to notice a hearing would actually permit the threatened irreparable injury to occur.
679 So.2d at 361 (citations omitted).
The allegations of the verified motion were insufficient to justify the issuance of the ex parte order. The pleading discussed potential injury only in generalities, not the "specific facts" required by Florida Rule of Civil Procedure 1.610(a)(1)(A). As it observes in its initial brief, the City was not an elusive party which was difficult to contact; there is no reason that the City Attorney could not have been notified by telephone of an expedited hearing. The Authority did not demonstrate how a short delay in setting a hearing would have permitted a threatened irreparable injury to occur.
Cases upholding ex parte temporary injunctions present factual situations far more egregious than that in this case. Such cases do not involve a defendant which operates through a legislative body that must act in public. For example, courts have upheld ex parte temporary injunctions
where notice of a hearing will prompt a defendant to destroy records,[1] cause unsecured assets to be liquidated in the context of a fraudulent enterprise,[2] or precipitate the disposal of the major asset of a partnership subject to an accounting.[3]
Smith, 679 So.2d at 361-62 (footnotes renumbered and full case citations added). Recently, in Bansal v. Bansal, 748 So.2d 335, 336-37 (Fla. 5th DCA 1999), the fifth district upheld a temporary injunction without notice directed at a husband in a dissolution action who had attempted to transfer over $8,000,000 from a joint, marital account while forging the signature of the wife. These types of imminent, obvious losses which justify an ex parte order are not at issue in this case.
The temporary injunction issued on June 13, 2000 is reversed.
SHAHOOD and HAZOURI, JJ., concur.
NOTES
[1] See State v. Beeler, 530 So.2d 932, 933 (Fla. 1988).
[2] See id.
[3] See Allen v. Hawley, 6 Fla. 142, 161-62 (1855); Lewis v. Lewis, 66 So.2d 260, 262-63 (Fla.1953) (temporary injunction without notice proper to prevent partner from disposing of asset of partnership subject to an order for accounting).