WALLACE, Judge.
 

 On a motion filed by Pamela J. Hunter (the Wife) in an action for the dissolution of her marriage to Larry D. Hunter, Jr. (the Husband), the circuit court entered a temporary injunction without notice. The
 
 *149
 
 order granted the Wife the exclusive use and possession of the marital home. The order also required the Husband to return multiple items of personal property to the marital home. Because both the Wife’s motion and the circuit court’s order fail to comply with the requirements of Florida Rule of Civil Procedure 1.610 concerning injunctions, we reverse the order and remand for further proceedings.
 
 [1]
 

 THE FACTS AND PROCEDURAL HISTORY
 

 The parties were married on March 12, 2005.
 
 [2]
 
 After the marriage, the parties purchased the marital home. They lived in the marital home with their two minor children until April 2008, when the Husband filed a petition for dissolution of marriage.
 

 After the Husband filed his petition, the Wife moved out of the marital home with the two children. The Husband claims that when the Wife moved out, she removed a substantial amount of personal property from the home and stored it in an undisclosed location. On or about September 1, 2009, the Wife and the children moved back into the marital residence. The Wife’s return to the marital home prompted the Husband to file a “Verified Ex-Parte Emergency Motion for Exclusive Use and Possession of the Former Marital Residence.” The Husband claims that “[t]he [circuit] court refused to hear the motion ex parte and deemed the motion not to be an emergency.”
 

 The parties continued to live together in the marital home until October 2009, when the Husband moved out. When the Husband left, he apparently took all of the furniture remaining in the home except the bedroom sets used by the Wife and the children. On October 7, 2009, the Wife responded by filing her “Emergency Ex-Parte Motion for Relief and Exclusive Possession of the Marital Residence.” In her motion, the Wife asked the circuit court to enter an order granting her the exclusive use and possession of the marital home and requiring the Husband to return all of the personal property that he had removed from the home. The motion was neither verified nor supported by affidavits.
 

 On October 7, 2009, the Wife’s attorney served (by United States mail and facsimile transmission) a copy of the motion on the Husband’s attorney. There was no notice of hearing on the motion. The Husband’s attorney could not have received the facsimile transmission earlier than approximately one hour before the circuit court signed the order under review. We note that the office of the Husband’s attorney is located in Tampa and that the hearing was held in Dade City.
 

 The circuit court held an ex parte hearing on the motion the same day it was filed and granted the motion. In its order, the circuit court gave the Wife exclusive use and possession of the marital home and gave the Husband twenty-four hours from the entry of the order to return the personal property he had taken from the home. Although the circuit court did not note the time of the entry of the order on its face, the Husband’s attorney received a copy of the order by facsimile transmission from the Wife’s attorney at 2:05 p.m.— after the order was signed.
 

 
 *150
 
 DISCUSSION
 

 A trial court should only order relief in an ex parte proceeding where there exists an immediate threat of irreparable injury that forecloses the opportunity to give reasonable notice.
 
 See City of Boca Raton v. Boca Raton Airport Auth.,
 
 768 So.2d 1191, 1192 (Fla. 4th DCA 2000). Thus a motion seeking ex-parte relief “must demonstrate (1) how and why the giving of notice would accelerate or precipitate the injury or (2) that the time required to notice a hearing would actually permit the threatened irreparable injury to occur.”
 
 Id.
 
 at 1193 (quoting
 
 Smith v. Knight,
 
 679 So.2d 359, 361 (Fla. 4th DCA 1996)). In this case, the Wife’s motion failed to demonstrate either an immediate threat of irreparable injury or a reason notice could not be given.
 

 With respect to the Wife’s motion for an order granting her exclusive use and possession of the marital home, the Wife had already moved into the marital home and the Husband had vacated the residence before the motion was filed. So, as a practical matter, the Wife had exclusive use and possession of the marital home when the motion was filed. In addition, the Wife did not seek entry of the order to prevent the Husband from removing personal property from the marital home. The personal property had previously been removed and taken elsewhere. Therefore, assuming that the Wife would suffer an injury as a result of the Husband’s actions, the injury had already occurred. Giving notice to the Husband would neither have accelerated the injury nor have permitted it to occur.
 

 To the extent that the order grants injunctive relief, we observe that almost none of the required procedures were followed. According to Florida Family Law Rule of Procedure 12.610(a), injunctive relief in family law cases not related to the need for protection against domestic violence, repeat violence, dating violence, or sexual violence is governed by Florida Rule of Civil Procedure 1.610. Rule 1.610(a)(1) permits the entry of a temporary injunction without written or oral notice to the adverse party only if:
 

 (A) it appears from the specific facts shown
 
 by affidavit or verified pleading
 
 that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
 

 (B) the movant’s attorney certifies in writing any efforts that have been made to give notice and the reasons why notice should not be required.
 

 (Emphasis added.) Here, the Wife’s motion was neither verified nor supported by affidavits. Thus the motion was deficient under rule 1.610(a)(1)(A). Also, the motion did not contain the attorney’s certification required under rule 1.601(a)(1)(B). Furthermore, the order itself is defective because it contains no explanation of the reasons for its entry other than “[t]he Emergency Motion is well taken.” Thus the order violates rule 1.610(c), which requires that an injunction specify the reasons for entry.
 
 See also Hathcock v. Hathcock,
 
 533 So.2d 802, 804 (Fla. 1st DCA 1988) (holding that an order enjoining the husband from disposing of marital property and awarding the wife temporary exclusive use and possession of the marital home failed to comply with rule 1.610 because it contained no findings concerning why the injury would be irreparable or why the order was granted without notice). Finally, it does not appear that the trial court required the Wife to post a bond as required by rule 1.610(b).
 

 The Wife argues that the requirements of rule 1.610(a) concerning the entry of temporary injunctions without notice do not apply because the Husband
 
 *151
 
 actually received notice. She claims that a copy of the motion was sent by facsimile to the office of the Husband’s counsel at 11:36 a.m. on October 7, 2009, and that the order was not signed until after the trial judge’s “noon lunch time” the same day. We reject this argument. To send a copy of a motion to opposing counsel without a notice of hearing and to present the motion to the court for the entry of an order granting the motion an hour or so later is unquestionably inadequate notice — if it may even be deemed notice at all.
 
 See City of Ormond Beach v. City of Daytona Beach,
 
 794 So.2d 660, 663 (Fla. 5th DCA 2001) (“[Njotice encompasses a reasonable opportunity to prepare and offer evidence.”);
 
 Fla. High Sch. Activities Ass’n v. Benitez,
 
 748 So.2d 358, 359 (Fla. 5th DCA 1999) (“Notice for temporary injunction purposes means a meaningful opportunity to prepare in order to present evidence and secure a record of the proceedings.”).
 

 Because the violations of the rule’s procedural requirements outlined above require the reversal of the circuit court’s order, we need not discuss whether the Wife’s motion, on its face, sufficiently demonstrated grounds for ex parte injunctive relief. We reverse the circuit court’s order and remand this case for further proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 KHOUZAM and CRENSHAW, JJ., concur.
 

 [1]
 

 . We have jurisdiction in accordance with Florida Rule of Appellate Procedure 9.130(a)(3)(B) and (a)(3)(C)(ii).
 

 [2]
 

 . The parties have not provided us with a transcript of the hearing in the trial court that led to the entry of the order on appeal. The statement of the facts in this opinion is based on the motions and orders that the parties furnished as appendices to their briefs.